1  Michael L. Lipman (SBN 66605)
   Karen L. Alexander (SBN 265926)
2  **DUANE MORRIS LLP**
   750 B Street, Suite 2900
3  San Diego, CA 92101-4681
   Telephone: (619) 744-2200
4  Facsimile: (619) 744-2201
   mllipman@duanemorris.com
5  klalexander@duanemorris.com

6  Heather U. Guerena (SBN 238122)
   7727 Herschel Avenue
7  La Jolla, CA 92037
   Telephone: (858) 866-1020
8  Facsimile: (858) 551-4388
   huguerena@elevationca.com
9

10 *Attorneys for Defendant
   King's Casino, LLC*

11

12                    **UNITED STATES DISTRICT COURT**

13                    **EASTERN DISTRICT OF CALIFORNIA**

14 | VERONICA BRILL, et al., | ) Case No. 19-cv-02027-MCE-AC |

15 | Plaintiffs, | ) The Honorable Morrison C. England, Jr. |

16 | v. | ) **STIPULATION TO AMEND INITIAL PRETRIAL SCHEDULING ORDER TO POSTPONE RULE 26(f) CONFERENCE, ORDER THEREON** |

17 | MICHAEL L. POSTLE, et al. | |

18 | Defendants. | |

19 | | ) Complaint Filed: October 8, 2019 |

20

21      Plaintiffs Veronica Brill et al. ("Plaintiffs"), by and through counsel; Defendant King's

22 Casino, LLC d/b/a The Saloon at Stones Gambling Hall ("King's Casino"), by and through

23 counsel; and Defendant Justin Kuraitis ("Kuraitis," and collectively with King's Casino,

24 "Defendants"), hereby stipulate and agree as follows:

25      First, that on October 15, 2019, Plaintiffs served King's Casino with the Complaint

26 and Summons. Pursuant to this Court's Initial Pretrial Scheduling Order, the deadline for

27 the parties to meet and confer regarding their discovery plan as required by Federal Rule of

28

Civil Procedure 26(f) is presently December 16, 2019, which is 60 days from the date of service of the Complaint upon King's Casino. Any amendments to the Initial Pretrial Scheduling Order require a showing of good cause under Rule 16(b). [Doc. 3, pp. 2, 6.]

Second, that on November 9, 2019, Plaintiffs requested that Kuraitis waive service of the Complaint under Federal Rule of Civil Procedure 4(d). Kuraitis agreed to do so, and Plaintiffs filed his waiver of service on November 19, 2019. [Doc. 10.]

Third, that Plaintiffs have not yet served defendant Michael L. Postle.

Fourth, that King's Casino and Kuraitis have informed Plaintiffs that they intend to file Rule 12 Motions challenging, *inter alia*, the Court's lack of subject-matter jurisdiction over the state law claims against them and the Complaint's failure to state any claim upon which relief can be granted. Per the parties' Stipulations and this Court's Order, the deadline for both Defendants to file their Rule 12 Motions is presently February 5, 2020. [Docs. 11-13.]

Fifth, that the parties jointly request to postpone the Rule 26(f) conference and all related discovery deadlines until after all Defendants have been served, after this Court has ruled on all Rule 12 Motions, and after all Defendants have filed an Answer. Good cause exists because the type, extent, and nature of discovery will undoubtedly be shaped by the outcome of the Rule 12 Motions. Without knowing which parties and factual issues will remain in the case, it will be very difficult for the parties to meaningfully discuss the topics required by Rule 26(f) or formulate their Joint Discovery Plan, much less make Initial Disclosures and engage in written discovery or depositions.

Sixth, that Rule 16(b)'s good cause standard primarily considers the diligence of the party seeking the amendment. *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992). Diligence is not an issue here. The parties seek to postpone the Rule 26(f)

conference not because they cannot meet the Court's deadline, but because they believe it would be inefficient and ineffective to commence discovery prior to resolving which parties and causes of action will remain in this case after the pleading stage. Thus, the parties' request to amend the Initial Pretrial Scheduling Order is supported by good cause.

By entering into this Stipulation, Defendants do not enter a general appearance and do not waive (and expressly reserve) all rights, legal challenges, and arguments, including any jurisdictional or other defenses that may be raised in a motion under Federal Rule of Civil Procedure 12(b).

Accordingly, the parties jointly request that this Court amend the Initial Pretrial Scheduling Order to postpone the Rule 26(f) discovery conference and all related discovery dates and deadlines (including the filing of the joint discovery plan, the making of initial disclosures and the commencement of discovery) until 30 days after the Court has ruled on the Rule 12 Motions and the last Defendant has filed an Answer.

SO STIPULATED.

| | |
|---|---|
| Dated: December 9, 2019 | **DUANE MORRIS LLP**<br>By: s/Michael L. Lipman<br>    Michael L. Lipman<br>    Duane Morris LLP<br>    *Attorneys for Defendant*<br>    *King's Casino, LLC* |
| Dated: December 9, 2019 | **THE VERSTANDIG LAW FIRM, LLC**<br><br>By: s/ Maurice B. VerStandig (as authorized on 12/9/2019)<br>    Maurice B. VerStandig (pro hac vice)<br>    The VerStandig Law Firm, LLC<br>    *Attorneys for Plaintiffs* |
| Dated: December 11, 2019 |   s/ Justin Kuraitis<br>  Justin Kuraitis (in propia persona) |

STIPULATION TO AMEND INITIAL PRETRIAL SCHEDULING ORDER; CASE NO. 19CV2027-MCE-AC

3

C:\Users\avillanueva\Desktop\MLL\Stones\Brill\20191212_Stip and order\Stip and Order.docx

**ORDER**

The Court, having considered the parties' Stipulation to Amend the Initial Pretrial Scheduling Order, and finding good cause therefore, hereby orders: The Initial Pretrial Scheduling Order (p. 2, lines 15-17) will be amended such that the parties shall meet and confer regarding their discovery plan as required by Federal Rule of Civil Procedure 26(f) within 30 days of the date on which the last Defendant files an Answer.

IT IS SO ORDERED.

Dated: January 6, 2020

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE