1  LAW OFFICES OF RICHARD PACHTER
   Richard Pachter (SBN 120069)
2  555 University Avenue, Suite 200
   Sacramento, CA 95825
3  Telephone: (916) 485-1617
   Facsimile: (916) 379-7838
4     richard@pachterlaw.com

5  Attorney for Defendant JUSTIN KURAITIS

6

7              IN THE UNITED STATES DISTRICT COURT FOR THE

8                      EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA BRILL, et al., | Case No. 19-cv-2027 MCE-AC |
| Plaintiffs, | NOTICE OF MOTION AND MOTION TO DISMISS; JOINDER IN MOTION TO DISMISS OF KINGS' CASINO, LLC |
| v. | |
| MICHAEL L. POSTLE, et al. | Date: April 16, 2020<br>Time: 2:00 p.m. |
| Defendant. | Judge: Hon. Morrison C. England, Jr. |
| | Complaint Filed: October 8, 2019 |

     PLEASE TAKE NOTICE that on April 16, 2020, or as soon thereafter as the motion may be heard in Courtroom 7 of the Robert T. Matsui United States Courthouse, located at 501 I Street, Sacramento, CA 95814, pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6), defendant Justin F. Kuraitis will and hereby does move to dismiss the Complaint filed by plaintiffs Veronica Brill et al. on October 8, 2019 (ECF No. 1) for failure to state a claim upon which relief may be granted and for failure to allege claims of fraud and misrepresentation with the requisite particularity.[1]  This motion is based upon this Notice of Motion, Motion, and Joinder in the Notice of Motion and Motion to Dismiss filed by Kings' Casino, LLC , dba Stones Gambling Hall ("Stones'), the Memorandum of Points and Authorities accompanying this Notice of

DEFENDANT JUSTIN KURAITIS' MOTION TO DISMISS

Motion and Motion, the Memorandum of Points and Authorities accompanying Stones' Notice of Motion and Motion, all pleadings and evidence on file in this matter, oral argument of counsel, and such other materials and argument as may be presented in connection with the hearing of the Motion. Kuraitis expressly relies upon and joins in the Motion to Dismiss filed by Stones, which is adopted and incorporated herein by reference pursuant to Federal Rule of Civil Procedure 10(c).

Dated: March 13, 2020

By: /s/ Richard Pachter
RICHARD PACHTER
Attorney for Defendant Justin F. Kuraitis

---

[1] Kuraitis is setting this Motion and Joinder for hearing on the same day noticed by Defendant Kings Casino, LLC. (ECF No. 31) but understands that the Court has vacated the hearing on that matter. (ECF No. 32).

ii

DEFENDANT JUSTIN KURAITIS' MOTION TO DISMISS

**MEMORANDUM OF POINTS AND AUTHORITIES**

This case arises out of plaintiffs' complaints about how they fared in poker games played at, and broadcast on-line by, Kings Casino, LLC, dba Stones Gambling Hall ("Stones").  Plaintiffs allege that one of the other participants in these games, defendant Michael Postle, somehow cheated during these games.  Without specifying whether each plaintiff played against Mr. Postle, when they played against Mr. Postle or what sums (if any) they lost to Mr. Postle, plaintiffs not only seek to hold Mr. Postle responsible for their unspecified alleged gambling losses, but have also sued Stones and Justin Kuraitis, a mid-level employee of Stones, who served as the Director of Stones Live Poker.  (ECF 1, paragraph 49).

Justin Kuraitis hereby joins in Stones' Motion to Dismiss, ECF 31, which is adopted and incorporated by reference herein under Federal Rule of Civil Procedure 10(c).  Mr. Kuraitis is named as a defendant in three claims:  (1) Claim Three for Negligent Misrepresentation, (2) Claim Six for Negligence, and (3) Claim Eight for Fraud.

Stones' Motion to Dismiss demonstrates numerous reasons why each of these three claims should be dismissed and Mr. Kuraitis joins in each of those arguments and adopts Stones' Motion to Dismiss and the arguments and authority cited therein as though fully set forth herein.

As Stones' Motion to Dismiss shows, California law precludes each of these claims because alleged gambling losses are not recoverable, both because such losses are speculative and because lawsuits to recover such damages are barred by long-standing California public policy.  ECF 31, at 5-8.

Stones' Motion to Dismiss further establishes that the negligence-based claims fail because Stones did not have a duty to protect plaintiffs from gambling losses to Mr.

DEFENDANT JUSTIN KURAITIS' MOTION TO DISMISS

1

Postle. Plaintiffs' complaint nowhere alleges that Mr. Kuraitis, a mid-level employee of Stones, owed them any such legal duty.[2]  While plaintiffs' pleading failure alone justifies dismissal of the negligence-based claims against Mr. Kuraitis, Stones' Motion to Dismiss demonstrates that plaintiffs' cannot cure this pleading deficiency pursuant to the economic loss rule.  ECF 31, at 8-13.  Plaintiffs' relationships with Stones cannot give rise to a negligence claim for the reasons set forth in Stones' Motion to Dismiss, and their relationships with Mr. Kuraitis are even more attenuated. Mr. Kuraitis did not sponsor the games, was not the proprietor offering the games, was not a player in the games, did not have any economic interest in the outcome of the games, and under California law had no legal duty to protect plaintiffs from losing in poker games.

Three plaintiffs, Ms. Brill, Ms. Mills and Mr. Goone (the "Stone Fraud Victims"), allege a fraud claim against Mr. Kuraitis (and Stones).  ECF 1, paragraph 147.   Once again, Stones' Motion to Dismiss demonstrates that this claim must be dismissed for additional reasons including the failure to allege fraud with the requisite specificity under the Federal Rules of Civil Procedure.  ECF 31, at 13-15.   While these three plaintiffs make unspecified and conclusory allegations about the purported fraud, none allege when they supposedly spoke to Mr. Kuraitis, what was said, whether (and when) any of them ever played with Mr. Postle after such conversations, and whether (and how much) any of them supposedly lost in poker games to Mr. Postle after they spoke with Mr. Kuraitis.  As such, plaintiffs' complaint does not provide Mr. Kuraitis with fair notice of the fraud claim against him and the grounds upon which it rests.

Just as notably, none of these three plaintiffs allege that they justifiably or

---

[2] Instead, plaintiffs artfully allege that Mr. Kuraitis has a "duty to ensure the game was carried out in a manner reasonably free of cheating." ECF 1, paragraph 134.  In order to state negligence-based claims, however, plaintiffs must allege that Mr. Kuraitis owed a duty to plaintiffs, not to "the game."  *See, e.g.*, ECF 31, p. 8.

DEFENDANT JUSTIN KURAITIS' MOTION TO DISMISS

2

reasonably relied upon the (unspecified) statements from Mr. Kuraitis. Indeed, given their allegation that a review of the public "cumulative footage of Mr. Postle's play . . . would have revealed cheating to be rampant" and that any "putative investigation . . . would have revealed cheating," ECF 1 at paragraph 149, the Stone Fraud Plaintiffs cannot allege that they reasonably relied upon the unspecified statements from Mr. Kuraitis.

      Finally, Mr. Kuraitis joins in Stones' motion to dismiss the negligent misrepresentation claim (Claim Three) on the additional grounds set forth at pages 16 to 18 of Stones' Motion to Dismiss.

Dated: March 13, 2020           By: /s/ Richard Pachter
                                                RICHARD PACHTER
                                        Attorney for Defendant Justin F. Kuraitis