1  Michael Postle
   3724 Deerwalk Way
2  Antelope, CA 95843
   Telephone: (916) 790-4112
3  jrstox@yahoo.com
   In pro per
4

**FILED**

MAR 2 5 2020

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
              DEPUTY CLERK

5

6

7                    UNITED STATES DISTRICT COURT

8                    EASTERN DISTRICT OF CALIFORNIA

9

10

11  VERONICA BRILL; KASEY LYN          No.  2:19-CV-02027-WBS
    MILLS; MARC GOONE; NAVROOP
12  SHERGILL; JASON SCOTT; AZAAN       **DEFENDANT MICHAEL POSTLE'S**
    NAGRA; ELI JAMES; PHUONG           **NOTICE OF MOTION AND MOTION TO**
13  PHAN;JEFFREY SLUZINKI; HARLAN      **DISMISS PLAINTIFFS COMPLAINT**
    KARNOFSKY; NATHAN PELKEY;
14  MATT HOLTZCLAW; JON TUROVITZ;      Date: May 5, 2020
    ROBERT YOUNG; BLAKE ALEXANDER      Time: 1:30 pm
15  KRAFT; JAMAN YONN BURTON;          Courtroom: 5, 14th Floor
    MICHAEL ROJAS; HAWNLAY SWEN;       Judge: Hon. William B. Shubb
16  THOMAS MORRIS III; PAUL
    LOPEZ; ROLANDO CAO; BENJAMIN
17  JACKSON; HUNG SAM; COREY
    CASPERS; ADAM DUONG,

18                 Plaintiffs,

19      v.

20  MICHAEL L. POSTLE; KING'S
    CASINO, LLC D/B/A STONES
21  GAMBLING HALL; JUSTIN F.
    KURAITIS; JOHN DOES 1-10;
22  JANE DOES 1-10,

23                 Defendants.

24

25      TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

26      PLEASE TAKE NOTICE that on May 5, 2020, at 1:30 pm, or as

27  soon thereafter as this matter may be heard before the Honorable

28  William B. Shubb, U.S. District Judge of the Eastern District of

1   California, located at Courtroom 5, 14th Floor, Robert T. Matsui

2   Federal Courthouse, 501 I Street, Sacramento, CA 95814, Defendant

3   Michael Postle, by and through his undersigned counsel, will and

4   hereby does move this Court for an order dismissing the claims

5   against him in Plaintiffs Veronica Brill, et al.'s Complaint for

6   failure to state a claim upon which relief may be granted and

7   failure to allege claims of fraud and misrepresentation with the

8   required particularity under Fed. R. Civ. P. 8, 9(b),12 (b)(6);

9   28 U.S.C. § 1367.

10        For the reasons set forth below, Mr. Postle respectfully

11  requests that this Court grant his Motion to Dismiss.  This

12  Motion is based upon this Notice, the attached Memorandum of

13  Points and Authorities, and such other matter that may be

14  presented at the hearing thereof.

15

16                              Respectfully submitted,

17

18

19  Date: March 24, 2020

                                MICHAEL POSTLE
20

21                              In pro per

22

23

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   Introduction**

Plaintiffs' Complaint for Damages ("Complaint") should be dismissed in its entirety because it fails either to state a claim upon which relief can be granted or to plead fraud with particularity.

Counts I, II, III, and IV should be dismissed because Plaintiffs fail to plead fraud with particularity. Plaintiffs fail entirely to lay out the who, where, why, when, or how of the alleged fraudulent conduct underlying each cause of action. Instead, Plaintiffs present facts indicating that unknown parties, lost unknown funds, based on undescribed conduct, at an unknown time, via unknown means.  The allegations of the Complaint consist entirely of speculative or conclusory statements and improper or illogical inferences from neutral facts.   Because Plaintiffs do not satisfy their elevated pleading burden, Counts I through IV should be dismissed under Fed. R. Civ. P. (hereinafter "Rule") 9(b) and 12(b)(6).

Second, Counts II through IV must also be dismissed for the reasons set forth in King's Casino LLC's Motion to Dismiss, ECF 31, and Justin Kuraitis' Motion to Dismiss, ECF 33: (1) Plaintiffs fail to plead each count with particularity; (2) gambling losses are not cognizable as damages under California law and public policy; and (3) Plaintiffs allege purely economic losses and fail to assert a special relationship between Plaintiffs and Mr. Postle.

1    Finally, Count V should be dismissed under 12(b)(6).  Count
2    V purports to bring an action for unjust enrichment.  Unjust
3    enrichment is not a recognized cause of action under either
4    federal or California law but rather a synonym for restitution.

5    **III. Argument**

6         A.  Standards Governing Motions to Dismiss

7         Pursuant to Rule 12(b)(6), dismissal is appropriate where
8    the complaint lacks a cognizable legal theory or sufficient facts
9    to support a cognizable theory.  *Navarro v. Block*, 250 F.3d 729,
10   732 (9th Cir. 2001).  A complaint is also subject to dismissal
11   for failure to state a claim if the allegations on their face
12   show that relief is barred for some legal reason.  *Jones v. Bock*,
13   549 U.S. 199, 215 (2007); *see also Groten v. California*, 251 F.3d
14   844 (9th Cir. 2001).

15        The factual allegations in a complaint "must be enough to
16   raise a right to relief above the speculative level."  *Bell*
17   *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "A claim
18   has facial plausibility when the plaintiff pleads factual content
19   that allows the court to draw the reasonable inference that the
20   defendant is liable for the misconduct alleged." *Ashcroft v.*
21   *Iqbal*, 556 U.S. 662, 678 (2009). While a plaintiff need not
22   establish a probability of success on the merits, he or she must
23   demonstrate "more than a sheer possibility that a defendant has
24   acted unlawfully." *Id.*   Importantly, "[w]here a complaint pleads
25   facts that are merely consistent with a defendant's liability, it
26   stops short of the line between possibility and plausibility of
27   entitlement to relief." *Id.*

28

1        The pleading of a cause of action involving fraud or mistake
2    is subject to the significantly more exacting standards of Rule
3    9(b). In contrast to the more lenient standard set forth in Rule
4    8(a)(2), Rule (9)(b) requires that a party "state with
5    particularity the circumstances constituting fraud or mistake" in
6    his or her complaint. Fraud must be plead "with a high degree of
7    meticulousness." *Desaigoudar v. Meryercord*, 223 F.3d 1020, 1022
8    (9th Cir. 2000).  The allegations of fraud "must be accompanied by
9    'the who, what, when, where, and how' of the misconduct charged"
10   and "must 'set forth more than the neutral facts necessary to
11   identify the transaction.'" *Vess v. Ciba-Geigy Corp. USA*, 317
12   F.3d 1097, 1106 (9th Cir. 2003).

13       The exacting specificity required by Rule 9(b) functions "to
14   give defendants notice of the particular misconduct so that they
15   can defend against the charge and not just deny that they have
16   done anything wrong." *Vess*, *supra*, at 1106.  Rule 9(b) also
17   functions to deter the filing of actions as a pretext for
18   discovery of unknown wrongs, to protect defendants from "the harm
19   that comes from being subject to fraud charges, and to prohibit
20   plaintiffs from unilaterally imposing upon the court, the parties
21   and society enormous social and economic costs absent some
22   factual basis." *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th
23   Cir. 2001).  The remedy when a plaintiff fails to plead fraud
24   with particularity is the same as in a Rule 12(b)(6) motion for
25   failure to state a claim on which relief can be granted. *Vess*,
26   317 F.3d at 1107.

27
28

1                 B.    Counts I through IV Must be Dismissed for Failing

2                      to Plead Fraud with Particularity

3                     ***1. Legal Standard***

4     Counts I through IV all "sound in fraud." Counts II, III and

5 IV are fraud offenses.  Count I also sounds in fraud as it

6 alleges wire fraud as the predicate racketeering offense.

7     The Racketeer Influenced and Corrupt Organizations Act

8 ("RICO") makes it "unlawful for any person employed by or

9 associated with" an enterprise engaged in or affecting interstate

10 commerce "to conduct or participate, directly or indirectly, in

11 the conduct of such enterprise's affairs through a pattern of

12 racketeering activity." 18 U.S.C. § 1962(c). To a state a RICO

13 claim, a plaintiff must allege: "(1) conduct (2) of an enterprise

14 (3) through a pattern (4) of racketeering activity." Odom v.

15 Microsoft Corp., 486 F.3d 541, 547 (9th Cir.2007). The term

16 "racketeering activity" includes a number of so-called "predicate

17 acts," including mail and wire fraud. See 18 U.S.C. § 1961(1). To

18 establish the predicate acts of mail and wire fraud, a plaintiff

19 must show a scheme to defraud, involving use of the U.S. wires or

20 mail, with the specific intent to defraud. Schreiber Distrib. Co.

21 v. ServWell Furniture Co., 806 F.2d 1393, 1399-1400 (9th

22 Cir.1986).

23     Plaintiffs pleading a RICO violation predicated on fraud

24 must meet the heightened pleading standards imposed by Rule 9(b).

25 See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065-66 (9th Cir.

26 2004). For the predicate offense of wire fraud, a plaintiff must

27 allege with particularity: (1) the precise statements, documents,

28 or misrepresentations made; (2) the time and place of and person

1   responsible for the statement; (3) the content and manner in

2   which the statements misled the Plaintiffs; and (4) what the

3   Defendants gained by the alleged fraud. Miccosukee Tribe of

4   Indians of Fla. v. Cypress, 814 F.3d 1202, 1212 (11th Cir. 2015);

5   see also Odom v. Microsoft Corp., 486 F.3d 541, 553 (9th

6   Cir.2007).

7                        **2. _Argument_**

8                        i. Counts I, II, III, and IV Each Fail

9                        Because Plaintiffs Fail to Plead

10                       Fraud with Particularity

11      Plaintiffs' Complaint fails to set forth facts with

12   particularity in support of Plaintiffs' averments of fraud. In

13   the place of the required fact pleading, Plaintiffs set forth

14   hypotheticals, speculation, and spurious statistical claims.

15   Plaintiffs fail to describe any specific poker hand, with any

16   specific Plaintiff, describing any specific fraudulent conduct,

17   causing any specific injury.  As a result, Plaintiffs utterly

18   fail their pleading burden under Rule 9(b), by failing to set

19   forth facts with particularity in support of fraud.

20      Plaintiffs' Complaint alleges that Mr. Postle worked with an

21   unidentified "confederate" through an unidentified method to

22   secure information regarding the cards of unidentified poker

23   players in unidentified historical games.  This utterly fails the

24   requirements of Rule 9(b). Plaintiff has failed to identify the

25   time, place, method, and specific content of Mr. Postle's alleged

26   misrepresentations constituting wire fraud.  Plaintiffs instead

27   make speculative and nonspecific allegations such as "Mr. Postle

28   was able to achieve these results by engaging in a pattern and

1   practice of using one or more wire communication mechanisms to
2   defraud his opponents by gaining knowledge of their Hole Cards…".
3   ECF 1, paragraph 61. This sort of rote recitation of the elements
4   of the cause of action cannot and does not suffice to meet the
5   burden of Rule 9b. Similarly, rather than identify the particular
6   poker transactions during which Mr. Postle was alleged to have
7   conducted his scheme, the Complaint merely states that Mr. Postle
8   played on a range of dates throughout 2018 and 2019.   ECF 1,
9   paragraph 100.   There is no attempt to describe any particular
10   hand or any particular conduct by Mr. Postle that is alleged to
11   have comprised fraud.

12        Likewise, Plaintiffs fail entirely to allege the specific
13   harms suffered by specific plaintiffs. Each Plaintiff must
14   specifically plead the who, what, when, where, and how of the
15   alleged fraud to meet the pleading standard.  The Complaint does
16   not offer facts laying out a single poker hand that Plaintiffs
17   allege to have been tainted by fraud or the manner in which they
18   allege such fraud to have taken place.  As a result, no specific
19   injury sustained by any captioned Plaintiff can be identified nor
20   the logic behind the implication that Mr. Postle caused that
21   injury.   Pleading these elements with particularity is a
22   requirement, not a suggestion of Rule 9(b).  Without such
23   specific allegations, no substantive response beyond a general
24   denial is possible.

25        In the place of the requisite specific fact pleading, the
26   Complaint engages in five pages of spurious statistics and
27   speculative claims purporting to demonstrate that Mr. Postle's
28   winnings were extraordinary. ECF 1, paragraphs 50 to 68. These

1  statistical claims are confused at best and substantially
2  insufficient to raise Plaintiffs' allegations above a merely
3  speculative level. The allegations of the Complaint merely
4  demonstrate that Mr. Postle won money, nothing more.  Any
5  inference of unlawful conduct drawn from the naked fact of his
6  winning would be entirely unfounded and illogical.  Gambling is
7  inherently an activity involving players hoping for statistical
8  aberrations.  The conclusion that a winning gambler is cheating
9  is a non sequitur, though undoubtedly a common one among losing
10  gamblers.

11      While a court must accept as true all "well-pleaded factual
12  allegations." *Iqbal, supra*, 129 S. Ct. at 1950, a court is not
13  "required to accept as true allegations that are merely
14  conclusory, unwarranted deductions of fact, or unreasonable
15  inferences." *Sprewell, supra*, at 988.  Here, Plaintiffs' pleading
16  fails entirely to allege that Mr. Postle engaged in any specific
17  behavior amounting to, or creating a strong inference, of fraud.
18  Plaintiffs instead present page after page of speculation,
19  unsupported conclusion, spurious statistical claims and improper
20  or illogical inferences from neutral facts.  As such, Plaintiffs
21  fail to plead sufficiently even to adequately describe the
22  conduct complained of, let alone the manner in which it amounted
23  to fraud or proximately caused any specific injury.

24      Accordingly, Counts II through IV should be dismissed for
25  failure to plead fraud with particularity as required under Rule
26  9(b).  Count I should similarly be dismissed because Plaintiffs
27  fail to allege facts in support of the required predicate act of
28  racketeering with particularity as required under Rule 9(b).

Defendant Postle's Memorandum of Point and Authorities                7

B.   Count V Must be Dismissed for Failing to
State a Claim Under Which Relief Can Be
Granted

Plaintiff purports to bring a cause of action for "unjust enrichment." As the Ninth Circuit has held repeatedly, California law does not allow for a standalone cause of action for unjust enrichment.  Astiana v. Hain Celestial Grp., Inc., 783 F.3d 753, 762 (9th Cir. 2015).  Rather, California law treats "unjust enrichment" as synonymous with restitution. See e.g., Durell v. Sharp Healthcare, 183 Cal.App.4th 1350 (2010); Jogani v. Superior Court, 165 Cal.App.4th 901.  Therefore, Plaintiffs' Count IV fails to state a claim for relief and must be dismissed.

C.   Counts II through V must also be Dismissed
for the Reasons Set Forth in Defendants Kings
Casino, LLC and Justin Kuraitis' Motions to
Dismiss

Defendants' Motions to Dismiss lay out numerous reasons why each of these claims should be dismissed and Mr. Postle joins in each of those arguments and adopts Defendants' Motions to Dismiss and the arguments and authority cited therein as though fully set forth herein.

As Kings' Casino, LLC's Motion to Dismiss demonstrates, California law precludes each of these claims because alleged gambling losses are not recoverable, both because such losses are speculative and because lawsuits to recover such damages are barred by long-standing California public policy. ECF 31, at 5-8.

Additionally, with regard to the putative negligence claims, Plaintiffs fail entirely to allege the existence of a legal duty

1   owed to them by Mr. Postle.  In fact, no specific person,

2   statement or event causing injury is described in the Complaint

3   as required by Rule 9(b).

4

5

6

7

8

9                                  Respectfully submitted,

10
    Date: March 24, 2020
11

12                                 *Defendant Michael L. Postle*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  Michael Postle
   3724 Deerwalk Way
2  Antelope, CA 95843
   Telephone: (916) 790-4112
3  jrstox@yahoo.com

4
   In pro per
5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11 VERONICA BRILL, et al.,          No.  2:19-CV-02027-WBS

12              Plaintiffs,          **[PROPOSED] ORDER GRANDING
                                     DEFENDANT MICHAEL POSTLE'S**
13        v.                         **MOTION TO DISMISS**

14 MICHAEL L. POSTLE, et al.,

15              Defendants.

16

17

18                        **[PROPOSED] ORDER**

19      Upon consideration of Michael Postle's Motion to Dismiss

20 plaintiffs' complaint, and for good cause appearing therein,

21      **IT IS HEREBY ORDERED** that Defendant Michael Postle's Motion

22 to Dismiss Plaintiffs' Complaint is GRANTED.

23 Date: _____, 2020

24

25

26

27                            _____
                              WILLIAM B. SHUBB
28                            Senior United States District Judge

   [PROPOSED] Order Granting                                    1
   Motion to Dismiss

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] Order Granting
Motion to Dismiss

2

<u>PROOF OF SERVICE</u>

I, William Portanova, declare:

I am a citizen of the United States and employed in the City and County of Sacramento, CA.  I am over the age of 18 and not a party to the within action; my business address is 400 Capitol Mall, Suite 1100, Sacramento, CA 95814.

On March 24, 2020, I served the following document(s) described as:

**DEFENDANT MICHAEL POSTLE'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

BY FACSIMILE TRANSMISSION: As follows: The papers have been transmitted to a facsimile machine by the person on whom it is served at the facsimile machine telephone number as last given by that person on any document which he or she has filed in the cause and served on the party making the service. The copy of the notice or other paper served by facsimile transmission shall bear a notation of the date and place of transmission and the facsimile telephone number to which transmitted or be accompanied by an unsigned copy of the affidavit or certificate of transmission which shall contain the facsimile telephone number to which the notice of other paper was transmitted to the addressee(s).

BY MAIL: As follows: I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at San Francisco, CA, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

BY OVERNIGHT MAIL: As follows: I am readily familiar with the firm's practice of collection and processing correspondence for overnight mailing. Under that practice, it would be deposited with overnight mail on that same day prepaid at San Francisco, CA in the ordinary course of business.

Proof of Service                                                        1

1    **X**    **BY ELECTRONIC MAIL TRANSMISSION:** By electronic mail
            transmission from William Portanova on March 24, 2020,
2            by transmitting a PDF format copy of such document(s)
            to:

3

4            Michael Lipman at mllipman@duanemorris.com
            (Lead Attorney for Defendant King's Casino, LLC);

5
            Maurice VerStandig at mac@mbvesq.com
6            (Lead Attorney for Plaintiffs, Pro Hac Vice); and

7            Richard Pachter at richard@pachterlaw.com
            (Lead Attorney for Defendant Justin Kuraitis).

8

9            The document(s) was/were transmitted by electronic
            transmission and such transmission was reported as
10            complete and without error.

11    Executed on March 24, 2020 at Sacramento, CA.

12

13

14                                                        _____

15                                                        William Portanova

16

17

18

19

20

21

22

23

24

25

26

27

28

Proof of Service                                                                     2