Mark Mao (SBN 236165)
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone:   (415) 293-6800
Facsimile:   (415) 293-6899
mmao@bsfllp.com

Michael Lipman (SBN 66605)
Karen L. Alexander (SBN 265926)
DUANE MORRIS LLP
750 B Street, Suite 2900
San Diego, CA 92101-4681
Telephone:   (619) 744-2200
Facsimile:   (619) 744-2201
mllipman@duanemorris.com
klalexander@duanemorris.com

Heather U. Guerena (SBN 238122)
7727 Herschel Avenue
La Jolla, CA 92037
Telephone:   (858) 866-1020
Facsimile:   (858) 551-4388
huguerena@elevationca.com

*Attorneys for Defendant*
*King's Casino Management Corp.*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA BRILL; et al., | Case No. 2:19-cv-02027-WBS-AC |
| *Plaintiffs,* | **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT KING'S CASINO MANAGEMENT CORP.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT** |
| v. | |
| MICHAEL L. POSTLE; et al., | |
| *Defendants.* | Date:   May 18, 2020<br>Time:   1:30 p.m.<br>Dept.:  Courtroom 5<br>Judge:  Hon. William B. Shubb |
| | Complaint Filed: October 8, 2019 |

Defendant King's Casino Management Corp., successor by merger with King's Casino, LLC, dba Stones Gambling Hall ("Stones") requests that the Court take judicial notice of or treat as incorporated by reference in the First Amended Complaint ("FAC") three documents that may assist the Court in adjudicating Stones' Motion to Dismiss Plaintiffs' First Amended Complaint ("Motion").  Stones asks the Court to take judicial notice of the government-approved, publicly available rules and collections rate schedules for poker games played at Stones.  It asks the Court to treat as incorporated by reference in the FAC a purported notice letter sent by Plaintiffs that is a prerequisite to the Consumer Legal Remedies Act ("CLRA") claim added in the FAC and a tweet that forms the basis of one Plaintiff's libel claim.  These documents are properly the subject of judicial notice or are incorporated by reference.

## I. LEGAL STANDARD

Without converting a motion to dismiss into a motion for summary judgment, a court may grant judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).  A court also "may take into account 'documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiffs'] pleading'" and "'may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6).'"  *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012) (citations omitted).  "The [incorporation by reference] doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018), *cert. denied sub nom. Hagan v. Khoja*, 139 S. Ct. 2615 (2019).

## II. ARGUMENT

Consistent with these standards, the Court may take judicial notice of Exhibit A and treat Exhibits B and C as incorporated by reference into the FAC.

**Government-Approved Rules and Collections Rate Schedules for Poker at Stones (Exhibit A).**  The Court may take judicial notice of the rules and collections rate schedules for

poker games at Stones.  These rules and rate schedules are approved by the California Bureau of Gambling Control and published on the website of the California Attorney General.  Exhibit A is an excerpt for length including the relevant pages regarding poker played at Stones (pages 1-2, 97-102, 120-29) of the approved rules and rate schedules for all games.  The full set of rules and collections rate schedules from which Exhibit A is excerpted is available on the California Attorney General's website at https://oag.ca.gov/sites/all/files/agweb/pdfs/gambling/saloon_stonegambling.pdf.

Courts may take judicial notice of information made publicly available by a government entity, including approved rate schedules.  *See Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (taking judicial notice of information made publicly available by a government entity); *Raiser v. City of Temecula*, 2018 WL 6219906, at *1 nn.1-2 (C.D. Cal. June 22, 2018) (taking judicial notice of PACER fee schedules).  This Court has taken judicial notice of the contents of forms, like the rules and collections rate schedules from Stones, filed with a government agency.  *See Knight v. Standard Ins. Co.*, 2008 WL 343852, at *2 (E.D. Cal. Feb. 6, 2008) (Shubb, J.) (taking judicial notice of an ERISA Form 5500 filed with the U.S. Department of Labor and articles of incorporation filed with the California Secretary of State).  And courts have taken judicial notice of rate schedules even when the rate schedules have not been submitted to or approved by the government.  *See Loewen v. Lyft, Inc*., 129 F. Supp. 3d 945, 960 (N.D. Cal. 2015) (taking judicial notice of American Arbitration Association rules including regarding the structure and amount of fees); *Noll v. eBay, Inc.,* 282 F.R.D. 462, 463 n.1 (N.D. Cal. 2012) (taking judicial notice of eBay's fee schedule and user agreement).

**Purported Consumer Legal Protections Act Notice Letter (Exhibit B).**  The Court may consider the date and listed allegations in a letter sent by counsel for Plaintiffs to counsel for Stones, which purports to provide notice of Plaintiffs' claim under the CLRA.  Plaintiffs allege having provided this letter to Stones in the FAC and quote from the letter.  FAC ¶¶ 278-279.  The letter is incorporated by reference in the FAC because the FAC describes the letter extensively, including by quoting from it, and depends on the letter's contents and timing to satisfy the CLRA's pre-filing requirements.  *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  Courts regularly consider the timing and contents of purported CLRA notice letters in deciding motions to


1 dismiss. *See Snarr v. Cento Fine Foods Inc.*, 2019 WL 7050149, at *2 (N.D. Cal. Dec. 23, 2019);
2 *Sebastian v. Kimberly-Clark Corp.*, 2017 WL 6497675, at *3 (S.D. Cal. Dec. 18, 2017); *Evans v.*
3 *DSW, Inc.*, 2017 WL 7058232, at *2 n.3 (C.D. Cal. Sept. 14, 2017); *Asghari v. Volkswagen Grp. of*
4 *Am., Inc.*, 42 F. Supp. 3d 1306, 1318 n.33 (C.D. Cal. 2013); *Won Kyung Hwang v. Ohso Clean,*
5 *Inc.*, 2013 WL 1632697, at *2 n.2 (N.D. Cal. Apr. 16, 2013).

6 **September 2019 Tweet by Stones (Exhibit C).** The Court may consider the contents of
7 the September 2019 tweet by Stones in assessing arguments regarding the sufficiency of Plaintiff
8 Veronica Brill's libel claim. The tweet is incorporated by reference in the FAC, which describes
9 the tweet and depends on the tweet's contents. *See Ritchie*, 342 F.3d at 908. The Ninth Circuit has
10 held that it is appropriate to consider the surrounding content of an allegedly defamatory statement
11 as incorporated by reference in the complaint. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir.
12 2005) (treating surrounding pages from website as incorporated by reference).

13 **III.   CONCLUSION**

14 For the reasons above, the Court should consider Exhibits A through C in adjudicating the
15 Motion.

16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

|   |   |
|---|---|
| | Respectfully submitted, |
| Dated:  April 8, 2020 | By: */s/ Mark C. Mao* |
| | Mark C. Mao |
| | BOIES SCHILLER FLEXNER LLP |
| | 44 Montgomery Street, 41st Floor |
| | San Francisco, CA 94104 |
| | Phone: (415) 293-6800 |
| | Fax: (415) 293-6899 |
| | mmao@bsfllp.com |
| | |
| | Michael Lipman |
| | Karen L. Alexander |
| | DUANE MORRIS LLP |
| | 750 B Street, Suite 2900 |
| | San Diego, CA 92101-4681 |
| | Phone: (619) 744-2200 |
| | Fax: (619) 744-2201 |
| | mllipman@duanemorris.com |
| | klalexander@duanemorris.com |
| | |
| | Heather U. Guerena |
| | 7727 Herschel Avenue |
| | La Jolla, CA 92037 |
| | Phone: (858) 866-1020 |
| | Fax: (858) 551-4388 |
| | huguerena@elevationca.com |
| | |
| | *Attorneys for Defendant King's Casino Management Corp., successor by merger with King's Casino, LLC* |

# **PROOF OF SERVICE**

I, Alexander J. Holtzman, declare:

I am a citizen of the United States and employed in the City and County of San Francisco, CA. I am over the age of 18 and not a party to the within action; my business address is 44 Montgomery St., 41ˢᵗ Floor, San Francisco, CA 94104.

On April 8, 2020, I served the following document(s) described as:

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT KING'S CASINO MANAGEMENT CORP.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**

☐ **BY FACSIMILE TRANSMISSION**: As follows: The papers have been transmitted to a facsimile machine by the person on whom it is served at the facsimile machine telephone number as last given by that person on any document which he or she has filed in the cause and served on the party making the service. The copy of the notice or other paper served by facsimile transmission shall bear a notation of the date and place of transmission and the facsimile telephone number to which transmitted or be accompanied by an unsigned copy of the affidavit or certificate of transmission which shall contain the facsimile telephone number to which the notice of other paper was transmitted to the addressee(s).

☐ **BY MAIL**: As follows: Deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

☐ **BY OVERNIGHT MAIL**: As follows: I am readily familiar with the firm's practice of collection and processing correspondence for overnight mailing. Under that practice, it would be deposited with overnight mail on that same day prepaid at San Francisco, CA in the ordinary course of business.

☒ **BY ELECTRONIC MAIL TRANSMISSION**: By electronic mail transmission from aholtzman@bsfllp.com on April 8, 2020, by transmitting a PDF format copy of such document(s) to each such person at the e-mail address(es) listed below their address(es). The party(ies) listed below have agreed to accept service by email from King's Casino Management Corp. in this case. The document(s) was/were transmitted by electronic transmission and such transmission was reported as complete and without error.

Case No. 2:19-CV-02027-WBS-AC

| Michael L. Postle<br>3724 Deer Walk Way<br>Antelope, CA 95843<br>JRSTOX@yahoo.com | *Pro Se* |
|---|---|

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on April 8, 2020, at San Francisco, CA.

_____
Alexander J. Holtzman

Case No. 2:19-CV-02027-WBS-AC

PROOF OF SERVICE