1   Michael Postle
    3724 Deerwalk Way
2   Antelope, CA 95843
    Telephone: (916) 790-4112
3   jrstox@yahoo.com

4   In pro per

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11
    VERONICA BRILL; KASEY LYN          No.  2:19-CV-02027-WBS 
12  MILLS; MARC GOONE; NAVROOP
    SHERGILL; JASON SCOTT; AZAAN       **DEFENDANT MICHAEL POSTLE'S**
13  NAGRA; ELI JAMES; PHUONG           **NOTICE OF MOTION AND RENEWED**
    PHAN;JEFFREY SLUZINKI; HARLAN      **MOTION TO DISMISS PLAINTIFFS'**
14  KARNOFSKY; NATHAN PELKEY;          **COMPLAINT**
    MATT HOLTZCLAW; JON TUROVITZ;
15  ROBERT YOUNG; BLAKE ALEXANDER      Date: May 4, 2020
    KRAFT; JAMAN YONN BURTON;          Time: 1:30 pm
16  MICHAEL ROJAS; HAWNLAY SWEN;       Courtroom: 5, 14th Floor
    THOMAS MORRIS III; PAUL            Judge: Hon. William B. Shubb
17  LOPEZ; ROLANDO CAO; BENJAMIN
    JACKSON; HUNG SAM; COREY
18  CASPERS; ADAM DUONG,

19            Plaintiffs,

20       v.

21  MICHAEL L. POSTLE; KING'S
    CASINO, LLC D/B/A STONES
22  GAMBLING HALL; JUSTIN F.
    KURAITIS; JOHN DOES 1-10;
23  JANE DOES 1-10,

24            Defendants.

25       TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

26       PLEASE TAKE NOTICE that on May 4, 2020, at 1:30 pm, or as

27  soon thereafter as this matter may be heard before the Honorable

28  Defendant Postle's Notice of                                      1
    Motion and Renewed Motion to
    Dismiss

1  William B. Shubb, U.S. District Judge of the Eastern District of
2  California, located at Courtroom 5, 14th Floor, Robert T. Matsui
3  Federal Courthouse, 501 I Street, Sacramento, CA 95814, Defendant
4  Michael Postle will and hereby does move this Court for an order
5  dismissing the claims against him in Plaintiffs Veronica Brill,
6  et al.'s First Amended Complaint for failure to state a claim
7  upon which relief may be granted and failure to allege claims of
8  fraud and misrepresentation with the required particularity under
9  Fed. R. Civ. P. 8, 9(b), 12(b)(6); 28 U.S.C. § 1367.

10      For the reasons set forth below, Mr. Postle respectfully
11  requests that this Court grant his Renewed Motion to Dismiss.
12  This Motion is based upon this Notice, the attached Memorandum of
13  Points and Authorities, and such other matter that may be
14  presented at the hearing thereof.

15

16                          Respectfully submitted,

17

18

19  Date: April 8, 2020        _____
                                      MICHAEL POSTLE

20

21                          In pro per

22

23

24

25

26

27

28
   Defendant Postle's Notice of                                    2
   Motion and Renewed Motion to
   Dismiss

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

### I.   Introduction

3

Plaintiffs' First Amended Complaint for Damages

4

("Complaint") should be dismissed in its entirety because it

5

fails either to state a claim upon which relief can be granted or

6

to plead fraud with particularity.

7

Counts I, II, III, IV, and IX should be dismissed because

8

Plaintiffs fail to plead fraud with particularity. Plaintiffs

9

fail entirely to lay out the who, where, why, when, or how of the

10

alleged fraudulent conduct underlying each cause of action.

11

Instead, Plaintiffs present facts indicating that unknown

12

parties, lost unknown funds, based on undescribed conduct, at an

13

unknown time, via unknown means.  The allegations of the

14

Complaint consist entirely of speculative or conclusory

15

statements and improper or illogical inferences from neutral

16

facts.  Because Plaintiffs do not satisfy their elevated pleading

17

burden, Counts I through IV and IX should be dismissed under Fed.

18

R. Civ. P. (hereinafter "Rule(s)") 9(b) and 12(b)(6).

19

Second, Counts I through V and IX must also be dismissed for

20

the reasons set forth in King's Casino LLC's Motion to Dismiss

21

and Justin Kuraitis' Motion to Dismiss.  Among these reasons are

22

that: (1) Plaintiffs fail to plead each count with particularity;

23

(2) gambling losses are not cognizable as damages under

24

California law and public policy; and (3) Plaintiffs allege

25

purely economic losses and fail to assert a special relationship

26

between Plaintiffs and Mr. Postle.

27

28

Defendant Postle's Memorandum of Point and Authorities                    1

1    Third, Count V should be dismissed under 12(b)(6).  Count V

2    purports to bring an action for unjust enrichment.  Unjust

3    enrichment is not a recognized cause of action under either

4    federal or California law but rather a synonym for restitution.

5    Finally, Counts IV and IX should be dismissed under

6    12(b)(6).  Both counts purport to bring an action for negligence

7    per se.  Negligence per se is not a recognized cause of action

8    under either federal or California law but rather a codified

9    evidentiary presumption under California law.

10   **III. Argument**

11       A.  Standards Governing Motions to Dismiss

12       Pursuant to Rule 12(b)(6), dismissal is appropriate where

13   the complaint lacks a cognizable legal theory or sufficient facts

14   to support a cognizable theory.  *Navarro v. Block*, 250 F.3d 729,

15   732 (9th Cir. 2001).  A complaint is also subject to dismissal

16   for failure to state a claim if the allegations on their face

17   show that relief is barred for some legal reason.  *Jones v. Bock*,

18   549 U.S. 199, 215 (2007); *see also Groten v. California*, 251 F.3d

19   844 (9th Cir. 2001).

20       The factual allegations in a complaint "must be enough to

21   raise a right to relief above the speculative level."  *Bell*

22   *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "A claim

23   has facial plausibility when the plaintiff pleads factual content

24   that allows the court to draw the reasonable inference that the

25   defendant is liable for the misconduct alleged." *Ashcroft v.*

26   *Iqbal*, 556 U.S. 662, 678 (2009). While a plaintiff need not

27   establish a probability of success on the merits, he or she must

28   demonstrate "more than a sheer possibility that a defendant has

1  acted unlawfully." *Id.*  Importantly, "[w]here a complaint pleads

2  facts that are merely consistent with a defendant's liability, it

3  stops short of the line between possibility and plausibility of

4  entitlement to relief." *Id.*

5       The pleading of a cause of action involving fraud or mistake

6  is subject to the significantly more exacting standards of Rule

7  9(b). In contrast to the more lenient standard set forth in Rule

8  8(a)(2), Rule (9)(b) requires that a party "state with

9  particularity the circumstances constituting fraud or mistake" in

10  his or her complaint. Fraud must be plead "with a high degree of

11  meticulousness." *Desaigoudar v. Meryercord*, 223 F.3d 1020, 1022

12  (9th Cir. 2000).  The allegations of fraud "must be accompanied by

13  'the who, what, when, where, and how' of the misconduct charged"

14  and "must 'set forth more than the neutral facts necessary to

15  identify the transaction.'" *Vess v. Ciba-Geigy Corp. USA*, 317

16  F.3d 1097, 1106 (9th Cir. 2003).

17       The exacting specificity required by Rule 9(b) functions "to

18  give defendants notice of the particular misconduct so that they

19  can defend against the charge and not just deny that they have

20  done anything wrong." *Vess*, *supra*, at 1106.  Rule 9(b) also

21  functions to deter the filing of actions as a pretext for

22  discovery of unknown wrongs, to protect defendants from "the harm

23  that comes from being subject to fraud charges, and to prohibit

24  plaintiffs from unilaterally imposing upon the court, the parties

25  and society enormous social and economic costs absent some

26  factual basis." *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th

27  Cir. 2001).  The remedy when a plaintiff fails to plead fraud

28  with particularity is the same as in a Rule 12(b)(6) motion for

1    failure to state a claim on which relief can be granted. *Vess*,

2    317 F.3d at 1107.

3              B.    Counts I through V and IX Must be Dismissed for

4                    Failing to Plead Fraud with Particularity

5                         ***1. Legal Standard***

6        Counts I through V and IX all "sound in fraud." Counts II

7    through V and IX each allege fraud as the actionable underlying

8    conduct.  Count I also sounds in fraud as it alleges wire fraud

9    as the predicate racketeering offense.

10       The Racketeer Influenced and Corrupt Organizations Act

11   ("RICO") makes it "unlawful for any person employed by or

12   associated with" an enterprise engaged in or affecting interstate

13   commerce "to conduct or participate, directly or indirectly, in

14   the conduct of such enterprise's affairs through a pattern of

15   racketeering activity." 18 U.S.C. § 1962(c). To a state a RICO

16   claim, a plaintiff must allege: "(1) conduct (2) of an enterprise

17   (3) through a pattern (4) of racketeering activity." Odom v.

18   Microsoft Corp., 486 F.3d 541, 547 (9th Cir.2007). The term

19   "racketeering activity" includes a number of so-called "predicate

20   acts," including mail and wire fraud. See 18 U.S.C. § 1961(1). To

21   establish the predicate acts of mail and wire fraud, a plaintiff

22   must show a scheme to defraud, involving use of the U.S. wires or

23   mail, with the specific intent to defraud. *Schreiber Distrib. Co.*

24   *v. ServWell Furniture Co.*, 806 F.2d 1393, 1399-1400 (9th Cir.

25   1986).

26       Plaintiffs pleading a RICO violation predicated on fraud

27   must meet the heightened pleading standards imposed by Rule 9(b).

28   *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065-66 (9th Cir.

2004). For the predicate offense of wire fraud, a plaintiff must allege with particularity: (1) the precise statements, documents, or misrepresentations made; (2) the time and place of and person responsible for the statement; (3) the content and manner in which the statements misled the Plaintiffs; and (4) what the Defendants gained by the alleged fraud. *Miccosukee Tribe of Indians of Fla. v. Cypress*, 814 F.3d 1202, 1212 (11th Cir. 2015); *see also Odom v. Microsoft Corp.*, 486 F.3d 541, 553 (9th Cir.2007).

### 2. **Argument**

> i. Counts I through V and IX Each Fail Because Plaintiffs Fail to Plead Fraud with Particularity

Plaintiffs' Complaint fails to set forth facts with particularity in support of Plaintiffs' averments of fraud. In the place of the required fact pleading, Plaintiffs set forth hypotheticals, speculation, and spurious statistical claims. Plaintiffs fail to describe any specific poker hand, with any specific Plaintiff, describing any specific fraudulent conduct, causing any specific injury. As a result, Plaintiffs utterly fail their pleading burden under Rule 9(b), by failing to set forth facts with particularity in support of fraud.

Plaintiffs' Complaint alleges that Mr. Postle worked with an unidentified "confederate" through an unidentified method to secure information regarding the cards of unidentified poker players in unidentified historical games. This utterly fails the requirements of Rule 9(b). Plaintiff has failed to identify the time, place, method, and specific content of Mr. Postle's alleged

misrepresentations constituting wire fraud.  Plaintiffs instead
make speculative and nonspecific allegations such as "Mr. Postle
was able to achieve these results by engaging in a pattern and
practice of using one or more wire communication mechanisms to
defraud his opponents by gaining knowledge of their Hole Cards…".
ECF 40, paragraph 127. This sort of rote recitation of the
elements of the cause of action cannot and does not suffice to
meet the burden of Rule 9b. Similarly, rather than identify the
particular poker transactions during which Mr. Postle was alleged
to have conducted his scheme, the Complaint merely states that
Mr. Postle played on a range of dates throughout 2018 and 2019.
ECF 40, paragraph 205.  There is no attempt to describe any
particular hand or any particular conduct by Mr. Postle that is
alleged to have comprised fraud.

Likewise, Plaintiffs fail entirely to allege the specific
harms suffered by specific plaintiffs. Each Plaintiff must
specifically plead the who, what, when, where, and how of the
alleged fraud to meet the pleading standard.  The Complaint does
not offer facts laying out a single poker hand that Plaintiffs
allege to have been tainted by fraud or the manner in which they
allege such fraud to have taken place.  As a result, no specific
injury sustained by any captioned Plaintiff can be identified nor
the logic behind the implication that Mr. Postle caused that
injury.  Pleading these elements with particularity is a
requirement, not a suggestion of Rule 9(b).  Without such
specific allegations, no substantive response beyond a general
denial is possible.

1    In the place of the requisite specific fact pleading, the
2    Complaint engages in five pages of spurious statistics and
3    speculative claims purporting to demonstrate that Mr. Postle's
4    winnings were extraordinary. ECF 40, paragraphs 116 to 126. These
5    statistical claims are confused at best and substantially
6    insufficient to raise Plaintiffs' allegations above a merely
7    speculative level. The allegations of the Complaint merely
8    demonstrate that Mr. Postle won money, nothing more.  Any
9    inference of unlawful conduct drawn from the naked fact of his
10   winning would be entirely unfounded and illogical.  Gambling is
11   inherently an activity involving players hoping for statistical
12   aberrations.  The conclusion that a winning gambler is cheating
13   is non sequitur, though undoubtedly a common conclusion among
14   losing gamblers.

15       The sole additional relevant fact allegations Plaintiffs
16   appear to have added from their original Complaint regarding Mr.
17   Postle do nothing to aid Plaintiffs in rectifying their pleading
18   failure.  ECF 40, paragraphs 129-130.  The newly-plead
19   allegations amount to an assertion that Mr. Postle looked at his
20   phone sometimes during unidentified poker games.  Instead of
21   requisite factual particularity Plaintiffs rely on speculative
22   generality.  Alleging that Mr. Postle used a device to
23   communicate to unknown people through unknown means at
24   nonspecific times and places while playing against unidentified
25   opponents resulting in unidentified injury is precisely the type
26   of pleading prohibited by Rule 9(b). Plaintiffs allege no
27   specific means by which Mr. Postle's phone was or could have been
28   converted into some kind of cheating device.  Instead, Plaintiffs

1   attempt to rely on a line of cases represented in their pleading

2   by *Estate of Migliaccio v. Midland Nat'l. Life Ins. Co.*, 436 F.

3   Supp. 2d 1095 (C.D. Cal. 2006), as amended (Aug. 21, 2006).

4   Plaintiffs' reliance on this line of cases is misguided.

5        The Ninth Circuit has held that the requirements of Rule

6   9(b) may be relaxed in a narrowly-defined class of corporate and

7   securities fraud cases, owing to the difficulty of determining

8   the identity and specific actions of individuals acting inside

9   the corporate entity that caused the complained-of injury. It is

10   a doctrine born of the specific difficulties involved in alleging

11   fraud against certain types of corporate defendants, not an end-

12   run around Rule 9(b)'s requirements. *United States ex rel. Lee*

13   *v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001)

14   ("Rule 9(b) may be relaxed to permit discovery in a limited class

15   of *corporate* fraud cases where the evidence of the fraud is

16   within a defendant's exclusive possession.") (emphasis added);

17   *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir.

18   1989).

19        Demonstrating the tightly limited application of this

20   doctrine is *Ebeid ex rel. U.S. v. Lungwitz*, 616 F.3d 993 (9th

21   Cir. 2010). In *Ebeid*, the plaintiff attempted to rely on the

22   same line of cases that Plaintiffs do in this case, arguing that

23   he could not meet the requirements of Rule 9(b) in a False Claims

24   Act case because the allegedly false billing information

25   underlying the False Claims allegations was solely in the

26   defendant health care provider's possession. The Ninth Circuit

27   held that where the defendant failed to allege any specific

28   instance of false billing submissions, the date of that billing,

or the people involved, the Rule must not be relaxed.  The court found that to relax Rule 9(b)'s pleading requirements simply because a plaintiff asserts he lacked the information to plead adequately due to that information being in the hands of a defendant would swallow the Rule entirely.  Accordingly, dismissal of the *Ebeid* plaintiff's complaint was affirmed.

As in *Ebeid*, here Plaintiffs fail entirely to allege any specific conduct that would allow Mr. Postle to do more than simply deny he has done anything wrong.  Even after amending the Complaint, Plaintiffs continue to rely entirely on spurious statistics and speculative generalities instead of particularized facts.  Plaintiffs cannot correct this abject pleading failure by appeal to an inapplicable line of authority.  Ninth Circuit authority is clear that this is not the type of case that would justify relaxing the Rule 9(b) pleading standard.

While a court must accept as true all "well-pleaded factual allegations."  *Iqbal, supra*, 129 S. Ct. at 1950, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell, supra*, at 988.  Here, Plaintiffs' pleading fails entirely to allege that Mr. Postle engaged in any specific behavior amounting to, or creating a strong inference, of fraud.  Plaintiffs instead present page after page of speculation, unsupported conclusion, spurious statistical claims and improper or illogical inferences from neutral facts.  As such, Plaintiffs fail to plead sufficiently even to adequately describe the conduct complained of, let alone the manner in which it amounted to fraud or proximately caused any specific injury.

1       Accordingly, Counts II through V and IX should be dismissed

2   for failure to plead fraud with particularity as required under

3   Rule 9(b).  Count I should similarly be dismissed because

4   Plaintiffs fail to allege facts in support of the required

5   predicate act of racketeering with particularity as required

6   under Rule 9(b).

7                  C.    Counts IV and Count IX Must be Dismissed for

8                       Failing to State a Claim Under Which Relief

9                       Can Be Granted

10      Plaintiff purports to bring a cause of action for

11  "negligence per se."  As the Ninth Circuit has held repeatedly,

12  California does not recognize a standalone cause of action for

13  negligence per se.  *See, e.g., Waldon v. Arizona Pub. Serv. Co.*,

14  642 F. App'x 667, 669 (9th Cir. 2016).  Rather, negligence per se

15  is simply a codified evidentiary presumption.  Cal. Evid. Code §

16  669.  It provides no independent basis for relief.  *Ramirez v.*

17  *Nelson*, 44 Cal.4th 908 (2008); Rice v. Ctr. Point, Inc., 154

18  Cal.App.4th 949 (2007).  Therefore, Counts IV and IX fail to

19  state a claim for relief and must be dismissed.

20                 B.    Count V Must be Dismissed for Failing to

21                      State a Claim Under Which Relief Can Be

22                      Granted

23      Plaintiff purports to bring a cause of action for "unjust

24  enrichment." As the Ninth Circuit has held repeatedly, California

25  law does not allow for a standalone cause of action for unjust

26  enrichment.  *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753,

27  762 (9th Cir. 2015).  Rather, California law treats "unjust

28  enrichment" as synonymous with restitution. *See e.g., Durell v.*

1    *Sharp Healthcare*, 183 Cal.App.4th 1350 (2010).   Therefore, Count

2    V fails to state a claim for relief and must be dismissed.

3                    C.    Counts I through V and IX must also be

4                          Dismissed for the Reasons Set Forth in

5                          Defendants Kings Casino, LLC and Justin

6                          Kuraitis' Motions to Dismiss

7         Defendants' Motions to Dismiss lay out numerous reasons why

8    each of these claims should be dismissed and Mr. Postle joins in

9    each of those arguments to the extent applicable and adopts

10   Defendants' Motions to Dismiss and the arguments and authority

11   cited therein as though fully set forth herein.

12        As the Motions to Dismiss demonstrate, California law

13   precludes each of these claims because alleged gambling losses

14   are not recoverable, both because such losses are speculative and

15   because lawsuits to recover such damages are barred by long-

16   standing California public policy.

17        Additionally, with regard to the putative negligence claims,

18   Plaintiffs fail entirely to allege the existence of a legal duty

19   owed to them by Mr. Postle.   In fact, no specific person,

20   statement or event causing injury is described in the Complaint

21   as required by Rule 9(b).

22

23                           Respectfully submitted,

24

     Date: April 8, 2020    *Michael Postle*

25

26                           *Defendant Michael L. Postle*

27

28

PROOF OF SERVICE

I, *Rose Postle*, declare:

I am a citizen of the United States and employed in the City and County of Sacramento, CA. I am over the age of 18 and not a party to the within action; my business address is –

*2219 Catherwood Way, Sacramento CA 95835*

On *April 8, 2020*, I served the following document(s) described as:

**DEFENDANT MIKE POSTLE'S NOTICE OF MOTION AND RENEWED MOTION**

**TO DISMISS PLAINTIFFS' COMPLAINT**

BY FACSIMILE TRANSMISSION: As follows: The papers have been transmitted to a facsimile machine by the person on whom it is served at the facsimile machine telephone number as last given by that person on any document which he or she has filed in the cause and served on the party making the service. The copy of the notice or other paper served by facsimile transmission shall bear a notation of the date and place of transmission and the facsimile telephone number to which transmitted or be accompanied by an unsigned copy of the affidavit or certificate of transmission which shall contain the facsimile telephone number to which the notice of other paper was transmitted to the addressee(s).

BY MAIL: As follows: I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at San Francisco, CA, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

BY OVERNIGHT MAIL: As follows: I am readily familiar with the firm's practice of collection and processing correspondence for overnight mailing. Under that practice, it would be deposited with overnight mail on that same day prepaid at San Francisco, CA in the ordinary course of business.

Proof of Service

1

1    **X**    **BY ELECTRONIC MAIL TRANSMISSION**: By electronic mail
         transmission from rosepostle82@gmail.com 4-8-20, by
2        transmitting a PDF format copy of such document(s) to:

3
         Michael Lipman at mllipman@duanemorris.com
4        (Lead Attorney for Defendant King's Casino, LLC);

5        Maurice VerStandig at mac@mbvesq.com
         (Lead Attorney for Plaintiffs, Pro Hac Vice); and
6
         Richard Pachter at richard@pachterlaw.com
7        (Lead Attorney for Defendant Justin Kuraitis).

8
         The document(s) was/were transmitted by electronic
9        transmission and such transmission was reported as
         complete and without error.
10
     Executed on April 8, 2020, 2020 at Sacramento, CA.
11

12

13

14                                        *Rose Postle*

15                                        Rose Postle
                                          Name:
16

17

18

19

20

21

22

23

24

25

26

27

28
     Proof of Service                                            2