Maurice B. VerStandig, Esq.
Admitted *Pro Hac Vice*
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Telephone: 301-444-4600
Facsimile: 301-576-6885
E-mail: mac@mbvesq.com
*Counsel for the Plaintiffs*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA BRILL, *et al.*<br><br>Plaintiffs,<br><br>vs.<br><br>MICHAEL L. POSTLE, *et al.*<br><br>Defendants. | Case No. 2:19-cv-02027-WBS-AC<br><br>The Honorable William B. Shubb<br><br>PLAINTIFFS' NOTICE OF MOTION FOR SANCTIONS<br><br>Date: June 1, 2020<br>Time: 1:30 pm<br>Dept: Courtroom 5<br><br>Complaint Filed: October 8, 2019 |

Please take notice that at 1:30 pm on June 1, 2020, or as soon thereafter as the matter may be heard in Courtroom 5 of the Robert T. Matsui United States Courthouse, located at 501 I Street, Sacramento, California 95814, pursuant to Federal Rule of Civil Procedure 11, the plaintiffs herein will, and hereby do, move for the imposition of sanctions on defendant Michael L. Postle. The motion and incorporated memorandum of law supporting the same are being filed on the pages immediately following this notice, and the plaintiffs expressly rely upon the same, together with the entire record herein, and any reply or supplemental brief that may hereafter be filed.



Dated this 28th day of April, 2020.

Respectfully Submitted,

**THE VERSTANDIG LAW FIRM, LLC**

By: /s/ Maurice B. VerStandig
Maurice B. VerStandig (*pro hac vice*)
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Telephone: (301) 444-4600
Facsimile: (301) 576-6885
mac@mbvesq.com
*Counsel for the Plaintiffs*

**CERTIFICATE OF SERVICE**

I further certify that on this 28th day of April, 2020, I caused a true and correct copy of the foregoing to be served upon the following persons via this Honorable Court's CM/ECF system:

Michael L. Lipman, Esq.
Karen Lehmann Alexander, Esq.
Duane Morris LLP
750 B Street
Suite 2900
San Diego, CA 92101
*Counsel for King's Casino, LLC*

Heather U. Guerena, Esq.
Heather U. Guerena, Attorney at Law
7727 Herschel Avenue
La Jolla, CA 92037
*Counsel for King's Casino, LLC*



Mark Mao, Esq.
Boies Schiller Flexner LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
*Counsel for King's Casino, LLC*

Richard Pachter, Esq.
Law Offices of Richard Pachter
555 University Avenue, Suite 200
Sacramento, CA 95825
*Counsel for Justin Kuraitis*

I further certify that on this 28th day of April, 2020, I have caused a true and accurate copy of the foregoing to be served on the following person via United States Mail, postage prepaid:

Michael L. Postle
3724 Deerwalk Way
Antelope, California 95843

/s/ Maurice B. VerStandig
Maurice B. VerStandig





Maurice B. VerStandig, Esq.
Admitted *Pro Hac Vice*
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Telephone: 301-444-4600
Facsimile: 301-576-6885
E-mail: mac@mbvesq.com
*Counsel for the Plaintiffs*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA BRILL, *et al.*<br>Plaintiffs,<br>vs.<br>MICHAEL L. POSTLE, *et al.*<br>Defendants. | Case No. 2:19-cv-02027-WBS-AC<br>The Honorable William B. Shubb<br>MOTION FOR SANCTIONS AGAINST MICHAEL L. POSTLE |

Come now Veronica Brill ("Ms. Brill"), Kasey Lyn Mills ("Ms. Mills"); Marc Goone ("Mr. Goone"), Navroop Shergill ("Mr. Shergill"); Jason Scott ("Mr. Scott"); Azaan Nagra ("Mr. Nagra"); Eli James ("Mr. James"); Phuong Phan ("Mr. Phan"); Jeffrey Sluzinski ("Mr. Sluzinski"), Harlan Karnofsky ("Mr. Karnofsky"); Nathan Pelkey ("Mr. Pelkey"); Matthew Allen Holtzclaw ("Mr. Holtzclaw"); Jon Turovitz ("Mr. Turovitz"); Robert Young ("Mr. Young"); Blake Alexander Kraft ("Mr. Kraft"); Jaman Yonn Burton ("Mr. Burton"); Michael Rojas ("Mr. Rojas"); Hawnlay Swen ("Mr. Swen"); Thomas Morris III ("Mr. Morris"); Paul Lopez ("Mr. Lopez"); Rolando Cao ("Mr. Cao"); Benjamin Jackson ("Mr. Jackson"); Hung Sam ("Mr. Sam"); Corey Caspers ("Mr. Caspers"); Adam Duong ("Mr. Duong"); Dustin McCarthy ("Mr. McCarthy"); Chou Vince Xiong ("Mr. Xiong"); Brian Olson ("Mr. Olson");



Cameron Smith ("Mr. Smith"); Jordan Diamond ("Mr. Diamond"); Aronn Solis ("Mr. Solis"); Alisha Daniels-Duckworth ("Ms. Daniels-Duckworth"); Christian Soto Vasquez ("Mr. Vasquez"); Andrew Hernandez ("Mr. Hernandez"); Darrell Steed ("Mr. Steed"); Arish S. Nat ("Mr. Nat"); Kyle Kitagawa ("Mr. Kitagawa"); Brian Michael Raasch ("Mr. Raasch"); Zeev Malkin ("Mr. Malkin"); David Crittenton ("Mr. Crittenton"); Patrick Laffey ("Mr. Laffey"); Paras Singh ("Mr. Singh"); Firas Bouri ("Mr. Bouri"); Idris M. Yonisi ("Mr. Yonisi"); Joshua Whitesell ("Mr. Whitesell"); David Duarte ("Mr. Duarte"); Harun Unai Begic ("Mr. Begic"); Brad Kraft ("Mr. Kraft"); Taylor Carroll ("Mr. Carroll"); Elias AbouFares ("Mr. AbouFares"); Tyler Denson ("Mr. Denson"); Andrew Lok ("Mr. Lok"); Jake Rosenstiel ("Mr. Rosenstiel"); Anthony Ajlouny ("Mr. Ajlouny"); Hector Martin ("Mr. Martin"); Dale Menghe ("Mr. Menghe"); Scott Schlein ("Mr. Schlein"); Auguste Shastry ("Mr. Shastry"); Nicholas Colvin ("Mr. Colvin"); Jason Markwith ("Mr. Markwith"); Brian Watson ("Mr. Watson"); Shane Gonzales ("Mr. Gonzalez"); Katherine Stahl ("Ms. Stahl"); Mike Nelson ("Mr. Nelson"); Brandon Steadman ("Mr. Steadman"); Bryant Miller ("Mr. Miller"); Hong Moon ("Mr. Moon"); Matthew Gouge ("Mr. Gouge"); Nicholaus Wooderson ("Mr. Wooderson"); Carlos Welch ("Mr. Welch"); Ariel Reid ("Mr. Reid"); Dan Mayer ("Mr. Mayer"); Anthony Giglini ("Mr. Giglini"); Ryan Jaconetti ("Mr. Jaconetti"); Ariel Cris Manipula ("Mr. Manipula"); Trenton Sidener ("Mr. Sidener"); James John O'Connor ("Mr. O'Connor"); Patrick Vang ("Mr. Vang"); Marcus Davis ("Mr. Davis"); Adam Cohen ("Mr. Cohen"); Derick Cole ("Mr. Cole"); Aaron McCormick ("Mr. McCormick"); Brennen Alexander Cook ("Mr. Cook"); Michael Phonesavnh Rasphone ("Mr. Rasphone"); Benjamin Teng ("Mr. Teng"); Scott Sorenson ("Mr. Sorenson"); Anthony Hugenberg ("Mr. Hugenberg"); and Billy Joe Messimer ("Mr. Messimer") (collectively, the "Plaintiffs," with each sometimes being known as a "Plaintiff"),





by and through counsel, pursuant to Federal Rule of Civil Procedure 11 and Local Rule 182, and move this Honorable Court to impose sanctions upon Michael L. Postle ("Mr. Postle" or the "Defendant"),[1] and in support thereof state as follows:

## I. Introduction

This case concerns Mr. Postle's representations he was honestly playing games of poker on his own when, in fact, he was cheating at such games with the help of one or more unidentified confederates. Unfortunately, it now appears his approach to this litigation is identical, as he purports to be a *pro se* litigant but is, in fact, having his court papers ghostwritten by one or more unidentified attorneys.

As discussed in greater detail *infra*, Mr. Postle is actively violating the Federal Rules of Civil Procedure and governing case law, while his ghostwriter(s) violate the Local Rules of this Honorable Court, through Mr. Postle's signing and filing of documents he has not himself authored. Circumstantial evidence suggests Mr. Postle to be appearing herein through the efforts of William Portanova ("Mr. Portanova"), a well-respected local attorney. Regardless, though, of whether Mr. Portanova is Mr. Postle's ghostwriter or some other person or combination of persons are tending to Mr. Postle's legal work, it is apparent Mr. Postle is being aided by an undisclosed attorney.

[1] There are other defendants to this action. They are neither defined nor referenced herein as sanctions are *not* sought against these other defendants. The sanctionable conduct complained of herein is idiosyncratic to Mr. Postle.





## II. Standard

While the imposition of sanctions under Federal Rule of Civil Procedure 11 are to be done sparingly and only where circumstances so warrant, this Honorable Court has made clear the standard that governs such orders:

> Rule 11 provides that the district court may impose sanctions upon attorneys or parties "[i]f, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated...." As an initial inquiry, the district court must determine whether a violation of Rule 11(b) has occurred. If a violation is found, the court may in its discretion decide to impose sanctions. Sanctions are limited to what is "sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." The court has broad discretion to choose the appropriate type of sanction to achieve the Rule's goal of deterring future violations.

*United States v. Thompson*, 2004 WL 721148, at *1 (E.D. Cal. 2004) (quoting Fed. R. Civ. P. 11; citing *Warren v. Guelker*, 29 F.3d 1386, 1388 (9th Cir.1994); 2 Wm. J. Moore, Federal Practice § 11.23(2) (3d ed.2003); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)).

## III. Salient Facts

On March 25, 2020, Mr. Postle made his first substantive filing herein, coming in the form of a motion to dismiss the then-current complaint in this case (the "Motion to Dismiss"). *See* Motion to Dismiss, DE #38.[2] Without addressing the merits, *vel non*, of the Motion to Dismiss, it is a cleanly-drafted document, replete with citations to controlling law, which presents every such citation in seemingly perfect Bluebook format. *Id., passim*. The Motion to Dismiss is signed solely by Mr. Postle, and indicates he is appearing "In pro per." *Id.* at 1:3-4. No attorney's signature or name appears anywhere in or upon the Motion to Dismiss, save for in

[2] Mr. Postle previously appeared herein through his execution of stipulations concerning the extension of certain deadlines. For the avoidance of doubt, each of those joint stipulations was drafted by undersigned counsel and it is not alleged that any of them give rise to the imposition of sanctions.





the certificate of service. *Id., passim*. The certificate of service is signed by Mr. Portanova. *Id.* at p. 15.

The day prior to the Motion to Dismiss being filed, Mr. Portanova e-mailed copies to counsel for the other parties herein. *See* E-mail of William Portanova, attached hereto as Exhibit A. Mr. Portanova has been previously identified in the press as representing Mr. Postle, albeit not in specific connection with this case. *See, e.g.,* Sam Stanton, *Poker prodigy or a cheat? Lawsuit seeks $30 million in Stones Gambling Hall scandal,* SACRAMENTO BEE, Oct. 11, 2019, https://www.sacbee.com/news/local/article236034643.html ("Postle has not responded to requests for comment from The Sacramento Bee since last week, but his Sacramento attorney, William Portanova, said Postle denies any wrongdoing.").

There are significant similarities between Mr. Postle's Motion to Dismiss in this case and a motion seeking dismissal filed by Mr. Portanova in an unrelated case, in this Honorable Court, two weeks prior. The Motion to Dismiss in this case begins, "Plaintiffs' Complaint for Damages ('Complaint') should be dismissed in its entirety because it fails either to state a claim upon which relief can be granted or to plead fraud with particularity." Motion to Dismiss, DE #38, at p. 3. The motion seeking dismissal in Mr. Portanova's other case begins, "Plaintiff's Complaint for Damages ('Complaint') should be dismissed in its entirety because it fails both to state a claim upon which relief can be granted or to plead fraud with particularity." *See United States v. Hughes*, Case No. 2:20-cv-00321-JAM-KJN (E.D. Cal. 2020) (the "Hughes Case"), at DE #6, p. 3. A courtesy copy of the motion in the Hughes Case is attached hereto as Exhibit B.

The similarities do not stop there; the "Standards Governing Motions to Dismiss" section in the Motion to Dismiss appears to be verbatim identical to language from the motion





seeking dismissal of the Hughes Case. *Compare* Motion to Dismiss, DE #38, at pp. 4-5; Motion to Dismiss in Hughes Case, attached hereto as Exhibit B, at pp. 4-6.

Further, Mr. Postle's filing makes a reference to "undersigned counsel" despite there being no such undersigned counsel. Motion to Dismiss, DE #38, at 2:2-4 ("Defendant Michael Postle, by and through his undersigned counsel, will and hereby does move this Court…"). The same reference to "undersigned counsel" appears, verbatim, in the motion filed by Mr. Portanova in the Hughes Case. *See* Motion to Dismiss in Hughes Case, attached hereto as Exhibit B, at 1:20-21 (obviously changing Mr. Postle's name for that of the defendant in the Hughes Case).

Upon information and belief, Mr. Postle is without a law school education. *See* Declaration of Veronica Brill, attached hereto as Exhibit C, at ¶ 4. He is not listed as being a member of the State Bar of California. *See* State Bar Search Results, attached hereto as Exhibit D.

While it is certainly common for *pro se* litigants to make legal arguments, and to use resources like Google Scholar to undertake legal research, their citations are rarely as precise as those of Mr. Postle. Similarly, their papers are not normally adorned with certificates of service signed by legal counsel.[3]

## IV. Argument: The Imposition of Sanctions is Appropriate

Sanctions should be imposed herein because Mr. Postle's utilization of one or more attorney ghostwriter(s) contravenes the rules of this Honorable Court, deprives all involved of

---

[3] The Plaintiffs are without formal citations for these two assertions, but believe them to be within the general ken of knowledge of most litigation attorneys. Further, it is strongly suspected these two relatively uncontroversial observations are likely to mirror this Honorable Court's anecdotal experience.





the opportunity to meaningfully interact with counsel concerning the arguments being made, and runs afoul of governing case law. Ghostwriting serves to undermine the normative litigation process, disadvantages all other parties and their respective counsel, and evidences a flouting of pertinent law.

As the United States District Court for the Northern District of California has had occasion to observe:

> Ghost-writing frustrates the application of Federal Rule of Civil Procedure 11 which requires all attorneys to verify through their signatures that there are sufficient grounds for the arguments in their pleadings. Moreover, the practice prevents the court from examining the arguments set forth in Mr. Walker's papers during oral argument.

*Walker v. Pac. Mar. Assoc.*, 2008 WL 1734757, at *2 (N.D. Cal. 2008) (citing *In re Mungo*, 305 B.R. 762, 768 (Bank. D. S.C. 2003)).

Another federal court situated within California has been more pointed: "Ghostwriting pleadings for pro se litigants is, of course, wholly inappropriate and potentially sanctionable conduct." *Bernal v. Rodriguez*, 2016 WL 1610597, at *3 (C.D. Cal. 2016) (citing *Ricotta v. State of Cal*., 4 F.Supp.2d 961, 986 (S.D. Cal. 1998); *Walker*, 2008 WL 1734757, at *2). *See also*, *Makreas v. Moore Law Group, A.P.C.*, 2012 WL 1458191, at *3 (N.D. Cal. 2012) ("[N]umerous courts have held the practice of ghostwriting is not permitted in the federal courts.") (citing *Duran v. Carris*, 238 F.3d 1268, 1272 (10th Cir. 2001); *Ellis v. Maine*, 448 F.2d 1325, 1328 (1st Cir. 1971); *Liguori v. Hansen*, 2012 WL 760747, *5 (D. Nev. 2012); *In re Brown*, 354 B.R. 535, 541 (Bankr. N.D. Okla. 2006)).

To be sure, ghostwriting is not just *ipso facto* forbade because it is ought to be forbade. Rather, as the United States District Court for the Central District of California has explained in its detailed analysis and adoption of a federal appellate ruling:





> In *Duran v. Carris*, the Tenth Circuit held that when an attorney ghostwrites filings for a client who appears pro se, the attorney and the client have committed a serious ethical breach. In Duran, the appellant presented himself to the court as pro se, when in fact an attorney drafted his appellate brief. The court noted that the attorney's "actions in providing substantial legal assistance to [the litigant] without entering an appearance in this case not only affords [the litigant] the benefit of this court's liberal construction of pro se pleadings, but also inappropriately shields [the attorney] from responsibility and accountability for his actions and counsel." The court rejected the attorney's argument that ghostwriting represented "a positive contribution such as reduced fees or pro bono representation," because a "lawyer usually has no obligation to provide reduced fee or pro bono representation; that is a matter of conscience and professionalism. Once either kind of representation is undertaken, however, it must be undertaken competently and ethically or liability will attach to its provider." The court held that the ghostwriting in Duran constituted "a misrepresentation to this court by litigant and attorney." The court then held "that any ghostwriting of an otherwise pro se brief must be acknowledged by the signature of the attorney involved." The court also noted another potential ethical problem posed by ghostwriting: An attorney is usually prohibited from withdrawal when it would materially harm the client's interests; by ghostwriting, and not formally appearing, an attorney can circumvent this obligation. **The Court finds the reasoning of Duran persuasive**.

*Gutierrez v. City of Carson*, 2012 WL 13005846, at *4 (C.D. Cal. 2012) (quoting and citing *Duran v. Carris*, 238 F.3d 1268 (10th Cir. 2001) (emphasis added).

Moreover, lest any doubt as to the issue remain, the Local Rules of this Honorable Court are themselves quite clear: "…no attorney may participate in any action unless the attorney has appeared as an attorney of record." Local Rule 182(a)(1).

This case concerns Mr. Postle's alleged operation of a federal racketeering enterprise, his methodical grifting of numerous people, and his work with one or more unidentified confederate(s). If he wishes to proceed *pro se*, that is every bit his legal right and prerogative. But the Plaintiffs will view his assertions and representations in a fundamentally different regard if they are made by him as opposed to if they are made by counsel. By way of anecdote only, if a member of the bar represents a document production to be complete and simply in need of redactions and Bates stamping before being shared, the Plaintiffs will have no problem



VerStandig LAW FIRM

accepting this statement and gladly affording more time. By contrast, any representation of Mr. Postle's, even of a procedural nature, is one the Plaintiffs will be inherently disinclined to trust or credit; if he represents a document production to be tardy for ministerial reasons, the Plaintiffs will be more inclined to commence coordinating a Local Rule 251(b) conference.

Perhaps more notably, if Mr. Postle is represented by counsel, attorneys for other parties can confer with such person telephonically without concern. By contrast, if Mr. Postle is pro se, communications will need to be limited to writing, as the one time undersigned counsel spoke with Mr. Postle by phone the call was followed by Mr. Postle's repetitive and demonstrative mischaracterizations thereof.[4] This will matter a great deal for purposes of assembling a Rule 26 discovery plan, as well as for purposes of every ministerial and procedural contact that needs to be made to shepherd this case along (to say nothing of any settlement conversations that may ensue).

Of course, the foregoing pales in comparison to the issues that would ensue if this Honorable Court elected to hold oral argument on a pending motion. While Mr. Postle could no doubt endeavor to study the authorities upon which he seeks or opposes relief, it is difficult to fathom he would be able to meaningfully defend and argue the merits of such a paper in the manner it could be argued by its actual author.

To be sure, there is no genuine question but that Mr. Postle is using one or more ghostwriter(s) in this case. Perhaps Mr. Portanova is the ghostwriter; perhaps he is not. One way

[4] The sum and substance of this exchange is of no moment to the instant motion, and Mr. Postle's mischaracterization was limited to subsequent e-mails with counsel; it was never parroted to this Honorable Court. However, to the extent this Honorable Court believes the details of such to be relevant to this motion, the Plaintiffs are prepared to file a supplemental declaration of undersigned counsel.



or another, the conduct is sanctionable in nature. And since the ghostwriter(s) are not before this Honorable Court, the only person against whom sanctions may be properly directed at this time is Mr. Postle himself. The entry of one such order is altogether appropriate.

### V. Argument: An Appropriate Sanction is the Striking of Mr. Postle's Filing and Issuance of an Order Directing Him to Either Proceed *Pro Se* or Have His Counsel Enter an Appearance Within Three (3) Days

This Honorable Court has extraordinary discretion in fashioning a sanction that fits the conduct in question. The Plaintiffs do not presently seek a monetary sanction; enriching their counsel herein for the time spent on this motion will benefit no one other than their counsel, as this case has been taken on a contingent basis. Rather, an order directing Mr. Postle to cure the offending conduct is altogether more appropriate, as such would actually serve to remedy the underlying problem and afford clarity as to how this case will proceed.

Specifically, the Plaintiffs ask this Honorable Court to strike any papers drafted by counsel but filed by Mr. Postle[5] and to direct Mr. Postle to either have counsel notice an appearance or to notify the court, through his own filing, that he will hereafter be proceeding sans counsel. Such a filing – either from counsel or Mr. Postle – ought to be straightforward (few filings are simpler than a notice of appearance or notice of intent to proceed *pro se*), and it thus seems a three (3) day period to make such a filing is appropriate.

Should the violative behavior proceed, the Plaintiffs will assess whether or not to again seek sanctions or, rather, to petition for an order to show cause. For the time being, however, the

---

[5] Given the need to serve this motion three weeks prior to its filing, it is not clear, as of the drafting of this motion, how many filings of Mr. Postle will be violative of governing rules and case law. As of the drafting of the motion, only the Motion to Dismiss appears to be a wrongful filing. However, it stands to reason a similar motion, seeking dismissal of the amended complaint filed by the Plaintiffs, may be docketed prior to this motion, as may any number of other items.





simple remedy of striking out the subject court papers and directing Mr. Postle to conform his conduct to the rules of this Honorable Court seems a properly-tailored sanction to impose.

WHEREFORE, the Plaintiffs respectfully pray this Honorable Court (i) strike all filings of Mr. Postle heretofore filed in this case, save for stipulations co-signed by counsel for other parties herein; (ii) direct Mr. Postle to either have his counsel notice an appearance in this case, or to personally file a notice of intent to proceed *pro se*, within three (3) days; and (iii) afford such other and further relief as may be just and proper.

Dated this 28th day of April, 2020.

Respectfully Submitted,

**THE VERSTANDIG LAW FIRM, LLC**

By: /s/ Maurice B. VerStandig
Maurice B. VerStandig (*pro hac vice*)
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Telephone: (301) 444-4600
Facsimile: (301) 576-6885
mac@mbvesq.com
*Counsel for the Plaintiffs*

**[CERTIFICATE OF SERVICE ON FOLLOWING PAGE]**



# CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of April, 2020, I caused a true and accurate copy of the foregoing to be served on the following person via United States Mail, postage prepaid, pursuant to Federal Rules of Civil Procedure 11(c)(2) and 5(b)(2)(C):

Michael L. Postle
3724 Deerwalk Way
Antelope, California 95843

/s/ Maurice B. VerStandig
Maurice B. VerStandig

I further certify that on this 28th day of April, 2020, I caused a true and correct copy of the foregoing to be served upon the following persons via this Honorable Court's CM/ECF system:

Michael L. Lipman, Esq.
Karen Lehmann Alexander, Esq.
Duane Morris LLP
750 B Street
Suite 2900
San Diego, CA 92101
*Counsel for King's Casino, LLC*

Heather U. Guerena, Esq.
Heather U. Guerena, Attorney at Law
7727 Herschel Avenue
La Jolla, CA 92037
*Counsel for King's Casino, LLC*

Mark Mao, Esq.
Boies Schiller Flexner LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
*Counsel for King's Casino, LLC*

Richard Pachter, Esq.
Law Offices of Richard Pachter
555 University Avenue, Suite 200





Sacramento, CA 95825
*Counsel for Justin Kuraitis*

I further certify that on this 28th day of April, 2020, I have caused a true and accurate copy of the foregoing to be served on the following person via United States Mail, postage prepaid:

Michael L. Postle
3724 Deerwalk Way
Antelope, California 95843

/s/ Maurice B. VerStandig
Maurice B. VerStandig

