LAW OFFICES OF RICHARD PACHTER
Richard Pachter (SBN 120069)
555 University Avenue, Suite 200
Sacramento, CA  95825
Telephone: (916) 485-1617
Facsimile:  (916) 379-7838
    richard@pachterlaw.com

Attorney for Defendant JUSTIN KURAITIS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA BRILL, et al.,<br><br>          Plaintiffs,<br><br>     v.<br><br>MICHAEL L. POSTLE, et al.<br><br>          Defendant. | Case No. 19-cv-2027 WBS-AC<br><br>DEFENDANT JUSTIN KURAITIS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT<br><br>Date:  May 18, 2020<br>Time:  1:30 p.m.<br>Dept.: Courtroom 5<br>Judge: Hon. William B. Shubb<br><br>Complaint Filed: October 8, 2019 |

**I.**

**Plaintiffs' Claims Are Barred Under California Public Policy**

Each of plaintiffs' three claims against defendant Justin Kuraitis arise from their alleged damages sustained in poker games that they played at Kings' Casino Management Corp. dba ("Stones").  Under well-established California precedent, therefore, each of these claims is barred as a matter of law. Rather than confront this well-established law, plaintiffs' Opposition delves into cases from two centuries ago and posits

DEFENDANT KURAITIS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

(without authority) a wish for what they would like California law to be rather than an acknowledgement of what the law is.

After citing pages of numerous older cases that are not relied upon by Stones and Kuraitis nor helpful to plaintiffs' position, plaintiffs cite three cases to argue that the "trend" of California law has changed more recently to recognize claims for "legal gaming-related damages." ECF 56 at 24-30.

*None of these authorities even remotely stand for the proposition that California law allows gamblers to sue for gaming losses or damages incurred in California.* To the contrary, California law plainly and unequivocally prohibits judicial resolution of claims arising out of California gaming transactions. *Kelly v. First Astri Corp.*, 72 Cal. App. 4th 462, 489 (1999).

Two of the cases cited by plaintiffs to support their argument about the "trend" of California law actually **pre-date** *Kelly* and the third does not even mention *Kelly*, let alone attempt to distinguish it. *Crockford's Club v. Si-Ahmed*, 203 Cal.App. 3d 1402, 1406 (1988) simply held that principles of comity allowed for the enforcement of judgments from another jurisdiction. Just as unremarkable is *Nevcal Enterprises, Inc. v. Cal-Neva Lodge, Inc.*, 194 Cal. App. 2d 177 (1961), a case that merely involved an application of Nevada law to a dispute involving an accounting relating to events occurring in Nevada

DEFENDANT KURAITIS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

2

and justiciable in that state. *Id.* at 179.[1]  Neither case casts any doubt upon the validity of the later-decided *Kelly*.

*Rodriguez v. Topps Co.*, 104 F. Supp. 2d 1224 (S.D. Cal. 2000) is no more helpful to plaintiffs.  That case considered the difference between "injury" and "standing" in a civil RICO case -- nowhere does the Court analyze California law on gambling transactions, cite *Kelly or any* other California case, let alone cast any doubt on the continued validity of *Kelly*. Notably, while citing the off-point *Topps* decision from the Southern District, plaintiffs ignore a later civil RICO case from the same District cited in the Opening Memoranda, which expressly considered these issues and explicitly held that "California's strong and broad public policy precludes" state law claims arising out of gambling transactions or activities. *Alves v. Players Edge, Inc.*, 2007 U.S. Dist. LEXIS 98184, *37-39 (S.D. Cal. 2007).

Plaintiffs also ignore another more recent federal case that is right on point and that was relied upon by both Stones and Kuraitis in the opening memoranda: *Hang Ngoc Lam v. Hawaiian Gardens Casino*, 2020 WL 806655 (C.D. Cal. Jan. 8, 2020).

In *Lam,* Judge Gee confronted claims brought by gamblers who alleged a California card room cheated them out of winnings they

---

[1] Although of no particular moment to the issues in this case, even *Nevcal* noted that under Nevada law "a patron who has a winning ticket on a Keno game cannot collect it through the Courts." *Id.* at 181 (citation omitted).

DEFENDANT KURAITIS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

3

were entitled to while playing Fortune 7 Baccarat.  Judge Gee concluded that the card room was "correct" in arguing plaintiffs' claims:

> [M]ust fail in light of California's public policy 'against judicial resolution of civil claims arising out of gambling contracts or transaction.' MTD at 3 (citing *Kelly v. Frist Astri Corp.,* 72 Cal. App. 4th 462, 489, 84 Cal. Rptr. 2d 810 (1999); see also *Jamotchian v. Sci. Games Corp.*, 371 F.App'x 812, 813 (9th Cir. 2010)(determining that, without any indication that the California Supreme Court would decide differently, *Kelly* accurately represents California's public policy stance against judicial resolution of claims arising out of gambling transactions).

*Id. at 4.*  Judge Gee agreed that *Kelly* reflected California's pervasive "public policy against judicial resolution of civil claims arising out of gambling contracts or transactions absent a statutory right to bring such claims" and noted that there was no "statutory authority that allows [plaintiffs] to circumvent that policy."  *Id.* at *5.*

Judge Gee noted that this public policy applied whether the underlying gambling transactions were legal or illegal.  *Id.* at 6. Therefore, because "[p]laintiffs' alleged injuries arise out of a gambling transaction or contract . . . their claims fail as a matter of California law and public policy." *Id.* at 7.

So, too, do plaintiffs' claims fail here.  While plaintiffs' Opposition is filled with an exhaustive discussion of more than two hundred years of California case law, they have not cited a single California case where gamblers have been able to sue in a California court to recover money lost, bet or spent

DEFENDANT KURAITIS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

4

in a gambling game conducted in California. While plaintiffs contend the public policy has changed and that their arguments have "commenced finding a receptive judicial audience," that is mere wishful thinking. ECF 56 at 33-34. California law and public policy bars plaintiffs' lawsuit.[2]

## II.

## **Plaintiffs' Claims Also Fail Because Their Damages Are Speculative And Unenforceable**

As demonstrated in our opening brief as well as the motion and memorandum submitted by Stones, plaintiffs' three claims against Mr. Kuraitis also fail because gambling losses are too speculative, thus there are no recoverable damages. E.g. *Vu v. California Commerce Club, Inc.*, 58 Cal. App. 4th 229 (1997); *Youst v. Longo*, 43 Cal. 3d 64 (1987).

Plaintiffs' efforts to distinguish *Vu* and *Youst* are unavailing for the reasons pointed out in Stones' reply. In an effort to rescue their case, plaintiffs responded to the initial motions to dismiss by amending their complaint to allege damages arising from what they erroneously refer to as the "rake." ECF 40 at paragraphs 184 to 187. Plaintiffs claim that even if their gambling losses are too speculative, they nonetheless may

---

[2] Plaintiffs also seem to argue that voluminous accusations about the purported extensiveness of the alleged conduct underlying their claims somehow means that this clear California law and public policy should not apply here. Nonsense. And while we must accept the allegations of the FAC for purposes of this motion, suffice it to say that Mr. Kuraitis submits the FAC is filled with unsupportable hyperbole and misstatements.

DEFENDANT KURAITIS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

5

recover damages because the "rake" is "in no way tied to gaming wins or losses." ECF 56 at 23, lines 3-4.

But this argument is wrong. The FAC alleges that: "Stones collected a rake from every hand of poker in which Mr. Postle participated." ECF 40, paragraph 184; *see also* ECF 56 at 57 ("Plaintiffs paid for these services through a portion of the "rake," or the fixed-rate amount of money Stones extracted from each played pot in the broadcast game.")

Such collection fees are directly tied to gaming wins because they are paid out of the pot when it is distributed to the winner of each hand. The only person who is "damaged" by the collection fee for each hand, therefore, would be the winner of each hand. ECF 45 at 16. On hands that defendant Postle won; he was the person who was "damaged", not plaintiffs. On hands that defendant Postle lost, plaintiffs would not suffer damages, and certainly not damages proximately caused by any alleged cheating. Plaintiffs understandably have gone to great lengths to try to cobble together a theory of damages that is not barred under well-established California law, but they have failed to do so.

### III.

**Plaintiffs Have Failed to Plead Fraud With Specificity**

While plaintiffs admit certain of the pleading failings in the fraud claim against Mr. Kuraitis and Stones (claim 8), they

DEFENDANT KURAITIS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

6

ignore others.[3] Plaintiffs ignore the arguments Mr. Kuraitis made at pages 4 and 5 of his opening memorandum. Plaintiffs' fraud claim does not allege with requisite specificity:

- The dates and hands that Ms. Mills and Ms. Brill played with Mr. Postle after their alleged communications with Mr. Kuraitis;
- That Ms. Mills and Ms. Brill played in those games by reasonably relying upon the alleged statements made by Mr. Kuraitis;
- That Ms. Mills and Ms. Brill sustained specified damages by playing in those games, i.e., that they incurred losses to Mr. Postle; and
- That Mr. Postle's cheating in those games proximately caused such damages.

Mr. Kuraitis submits that if counsel undertakes a diligent inquiry the two remaining Stones Fraud Plaintiffs will not be able to make such allegations with the required specificity under the Federal Rules.

---

[3] Plaintiffs concede that Mr. Goone has no fraud claim and seek to salvage Ms. Mills' claim by improperly citing to a text message that is nowhere mentioned or referred to in the FAC. While Mr. Kuraitis appreciates the fact that, when pressed for more specificity, counsel apparently made certain inquiries of his clients and concluded that one of the three had no fraud claim, counsel should have made similar inquiries regarding reliance, damages and proximate causation and should have concluded that the entire claim must be dropped. The claim is unwarranted for the reasons set forth herein as well as those pointed out in the opening memoranda and Stones' reply memorandum.

DEFENDANT KURAITIS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

7

IV.

**Mr. Kuraitis Joins In Stones' Reply**

As pointed out in Stones' reply, there are numerous other deficiencies in plaintiffs' Opposition to the Motions to Dismiss the three claims alleged against Mr. Kuraitis (Claims 3, 6 and 8) and Mr. Kuraitis joins in Stones' reply which is incorporated herein by reference pursuant to Fed. R. Civ. P. 10(c).

V.

**CONCLUSION**

For all of the foregoing reasons, Defendant Justin Kuraitis respectfully requests that the Court dismiss the First Amended Complaint.

Dated:  May 11, 2020

                                          By: /s/ Richard Pachter
                                                RICHARD PACHTER
                                         Attorney for Justin F. Kuraitis

**PROOF OF SERVICE**

I, Richard Pachter, declare,

I am a citizen of the United States and employed in the City and County of Sacramento California.  I am over the age of 18 and not a party to the within action; my business address is 555 University Avenue, Suite 200, Sacramento, CA 95825.

On May 11, 2020, I served the following document(s):

**DEFENDANT KURAITIS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

> BY ELECTRONIC MAIL TRANSMISSION: By electronic mail transmission from richard@pachterlaw.com on May 11, 2020, by transmitting a PDF format copy of such document(s) to defendant Michael Postle each such person at the e-mail address which he had provided of JRSTOX@yahoo.com. The document(s) was/were transmitted by electronic transmission and such transmission was reported as complete and without error.  Mr. Postle has previously agreed to accept service of documents from the undersigned by email in this matter.

I declare under penalty of perjury under the laws of the State of California that the information submitted is true and correct and that this declaration was executed on  April 8, 2020 at Sacramento, California.

/s/ Richard Pachter
Richard Pachter

DEFENDANT KURAITIS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT