UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| VERONICA BRILL; KASEY LYN MILLS; MARC GOONE; NAVROOP SHERGILL; JASON SCOTT; AZAAN NAGRA; ELI JAMES; PHUONG PHAN; JEFFREY SLUZINSKI; HARLAN KARNOFSKY; NATHAN PELKEY; MATTHEW ALLEN HOLTZCLAW; JON TUROVITZ; ROBERT YOUNG; BLAKE ALEXANDER KRAFT; JAMAN YONN BURTON; MICHAEL ROJAS; HAWNLAY SWEN; THOMAS MORRIS III; PAUL LOPEZ; ROLANDO CAO; BENJAMIN JACKSON; HUNG SAM; COREY CASPERS; ADAM DUONG; DUSTIN MCCARTHY; CHOU VINCE XIONG; BRIAN OLSON; CAMERON SMITH; JORDAN DIAMOND; ARONN SOLIS; ALISHA DANIELS-DUCKWORTH; CHRISTIAN SOTO VASQUEZ; ANDREW HERNANDEZ; DARRELL STEED; ARISH S. NAT; KYLE KITAGAWA; BRIAN MICHAEL RAASCH; ZEEV MALKIN; DAVID CRITTENTON; PATRICK LAFFEY; PARAS SINGH; FIRAS BOURI; IDRIS M. YONISI; JOSHUA WHITESELL; DAVID DUARTE; HARUN UNAI BEGIC; BRAD KRAFT; TAYLOR CARROLL; ELIAS ABOUFARES; TYLER DENSEN; ANDREW LOK; JAKE ROSENSTIEL; ANTHONY AJLOUNY; HECTOR MARTIN; DALE MENGHE; SCOTT SCHLEIN; AUGUSTE SHASTRY; NICHOLAS COLVIN; JASON MARKWITH; BRIAN WATSON; SHANE GONZALES; | No. 2:19-cv-02027 WBS AC<br><br>ORDER RE: MOTION FOR SANCTIONS |

1

| | |
|---|---|
| 1 | KATHERINE STAHL; MIKE NELSON; BRANDON STEADMAN; BRYANT MILLER; HONG MOON; MATTHEW GOUGE; NICHOLAUS WOODERSON; CARLOS WELCH; ARIEL REID; DAN MAYER; ANTHONY GIGLINI; RYAN JACONETTI; ARIEL CRIS MANIPULA; TRENTON SIDENER; JAMES JOHN O'CONNOR; PATRICK VANG; MARCUS DAVIS; ADAM COHEN; DERICK COLE; AARON MCCORMACK; BRENNEN ALEXANDER COOK; MICHAEL PHONESAVANH RASPHONE; BENJAMIN TENG; SCOTT SORENSON; ANTHONY HUGENBERG; and BILLY JOE MESSIMER, |

Plaintiffs,

v.

MICHAEL L. POSTLE; KING'S CASINO, LLC D/B/A STONES GAMBLING HALL; JUSTIN F. KURAITIS; JOHN DOES 1-10; and JANE DOES 1-10,

Defendants.

----oo0oo----

Plaintiffs have filed a motion for sanctions under Federal Rule of Civil Procedure 11 ("Rule 11") and Local Rule 182 against defendant Michael Postle upon the ground that he allegedly used an attorney ghostwriter to author his motion to dismiss in the above captioned action.

Michael Postle is not an attorney. He is representing himself, *in propria persona*, as he has a right to do, in this action. Plaintiffs base their suggestion that his motion to dismiss was ghostwritten by an attorney upon the facts that the motion cited to controlling law using correct Bluebook citations and bears a striking resemblance to another a motion brought on Postle's behalf in another case, authored by his attorney in that

2

1  action. See United States v. Hughes, Case No. 2:20-cv-00321-JAM-
2  KJN (E.D. Cal. 2020) at Docket No. 6.
3           Regardless of whether Postle had his motion
4  ghostwritten by that attorney or cut and pasted from the brief
5  his attorney filed in that prior case, the court sees no reason
6  to impose sanctions here.
7           Rule 11 "requires all attorneys to verify through their
8  signatures that there are sufficient grounds for the arguments in
9  their pleadings." Walker v. Pac. Mar. Assoc., No. C07-3100 BZ,
10 2008 WL 1734757, at *2 (N.D. Cal. Arp. 14, 2008) (citations
11 omitted). Nothing in its language prohibits ghostwriting or even
12 plagiarizing pleadings. Similarly, Local Rule 182(a)(1) provides
13 "no attorney may participate in any action unless the attorney
14 has appeared as an attorney of record," but also does not
15 specifically proscribe ghostwriting or assign a consequence for
16 engaging in it. See L.R. 182(a)(1).
17          Federal courts in California and elsewhere have frowned
18 upon the practice of ghostwriting. See Shalaby v. Jacobowitz,
19 No. C 03-0227-CRB, 2003 WL 1907664, at *5 (N.D. Cal. Apr. 11,
20 2003) (quoting Laremont-Lopez v. Se. Tidewater Opportunity
21 Project, 968 F. Supp. 1075, 1080 (E.D. Vir. 1997)). However,
22 counsel has been unable to identify anything in the State Bar of
23 California's Rules of Professional Conduct which proscribes such
24 practice. For that reason, courts have been hesitant to award
25 sanctions where ghostwriting of pleadings has been found. See,
26 e.g., Ricotta v. State of Cal., 4 F. Supp. 2d 961, 987 (S.D. Cal.
27 1998) aff'd sub nom. Ricotta v. State of Cal., 173 F.3d 861 (9th
28 Cir. 1999).

For the foregoing reasons, the court declines to exercise its discretion to impose sanctions here.

IT IS THEREFORE ORDERED that plaintiffs' motion for sanctions be, and the same hereby is, DENIED.

Dated: June 3, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE